OPINION OF THE COURT
 

 Jones, J.
 

 A tax assessor has no power to make a determination whether property is an “eligible tract” for forest land tax exemption under section 480-a of the Real Property Tax
 
 *184
 
 Law, such authority having been committed exclusively to the Department of Environmental Conservation.
 

 Finding that, under the statutory provisions then in effect, lands devoted to growth of forest crops were often being assessed at a level which rendered their continued dedication to such use uneconomical, the State Legislature in 1974 enacted section 480-a of the Real Property Tax Law under which a partial tax exemption could be obtained by owners of eligible tracts who would commit their lands to forest crop production for a specified period of time (L 1974, ch 814). The statute was substantially amended in 1976 by adding a requirement for forest management plans, increasing from 8 to 10 years the minimum period for which the land must be committed to forest crop production, and changing the procedure by which the tax exemption is obtained (L 1976, ch 526).
 

 Under the amended statute, an owner seeking a section 480-a exemption is required to make application first, under subdivision 2 of the section, to the Department of Environmental Conservation (DEC) for certification that the land sought to be benefited is an “eligible tract” as that term is defined in paragraph (d) of subdivision 1 of the section. (For purposes of the present litigation, an eligible tract is a tract of privately owned forest land comprising at least 50 contiguous acres. “Forest land” is “land exclusively devoted to and suitable for forest crop production” and stocked with a stand of forest trees of a prescribed description [§ 480-a, subd 1, par (b)].) With respect to issuance of the certificate, it is provided in subdivision 2: “If the department finds that such tract is an eligible tract it shall forward a certificate of approval to the owner thereof, together with a management plan for the eligible tract specified by the department.”
 

 Subdivision 3 of the section sets out in paragraph (a) how, if the Department has certified eligibility, the tax exemption is thereafter procured, providing first that to qualify for a forest land exemption the owner of “a certified eligible tract” must commit the tract to continued forest crop production for the next 10 years under the management plan that has been specified by DEC. The commitment must be made annually and filed in the county clerk’s
 
 *185
 
 office where the tract is situated in manner and form prescribed by DEC. The owner is also required to file an exemption application with the appropriate assessor on forms prescribed by the State Board of Equalization and Assessment, showing on the application that the commitment as just described has been made. The paragraph then provides that “If the assessor is satisfied that the requirements of this section are met he shall approve the application and such eligible tract shall be exempt from taxation as herein provided”. The property continues to be exempt thereafter on receipt by the assessor of a certified copy of a properly filed annual commitment “so long as the certification of the eligible tract shall not be revoked by the department”.
 

 Seeking to avail itself of a partial exemption under section 480-a for 4,142 acres of forest land owned by it in the Town of Highland, Clove Development Corporation in both 1981 and 1982 secured from DEC a certificate of approval together with a management plan for its acreage and filed with the appropriate county clerk a commitment which complied with paragraph (a) of subdivision 3 of the section. In each year it also filed a properly completed application for exemption with respondents town assessors, who in both instances declined to approve the application, and whose refusal was upheld by respondent Board of Assessment Review when Clove filed a complaint with respect to its assessments in the years 1981 and 1982 with that reviewing body. In denying the partial exemptions the assessors took the position that they were not satisfied that the requirements of section 480-a had been met because, in their judgment, the acreage in question was not an “eligible tract” under the section. Their classification of the area as not “eligible” rested on their conclusion that the land was not used “exclusively” for forest crop production and that Clove was not a private owner engaged in such production.
 

 Clove instituted separate proceedings under article 7 of the Real Property Tax Law, which were subsequently consolidated by stipulation of the parties, to review the assessments imposed with respect to the 4,142 acres in the Town of Highland for the years 1981-1982 and 1982-1983.
 
 *186
 
 After issues of valuation, also raised in the proceedings, had been settled by stipulation, Clove moved for summary judgment determining that the action of respondents in failing to grant it the exemptions sought under section 480-a was illegal. From the papers submitted it appeared that the issue critical to the disposition of the motion was whether, as respondents contended, the assessors had authority under section 480-a of the Real Property Tax Law to make a determination that the land in question — already certified by DEC as an eligible tract under 480-a — was not eligible for the tax exemption, based on their own conclusion as to the nature of its use and the status of its owner, or whether, as Clove contended, the determination of eligibility was vested exclusively in DEC such that, the Department having found that the tract was an eligible tract and having issued its certificate of approval, and the owner concededly having filed the required commitment with the county clerk and the necessary application for exemption under section 480-a with the appropriate assessor, the assessors were required to approve the exemption.
 

 Resolving that issue in favor of respondents, Supreme Court denied the owner’s motion for summary judgment. The Appellate Division, however, reversed the order of the lower court, granted the motion, and directed that the property be reassessed to give effect to the exemptions sought under section 480-a. We now affirm that disposition.
 

 Respondents’ argument that the town assessors have power, independently of the finding of eligibility made by DEC, to appraise and redetermine eligibility of acreage for which a forest land exemption is sought — an argument for which support is said to be found in an alleged traditional broad prerogative of tax assessors to decide entitlement to tax exemption — must fail, in face of the unambiguous pattern and language of the statute.
 

 Section 480-a, in its structure, clearly distinguishes between and makes discrete provision for the determination of eligibility as privately owned forest land and the granting of a consequent tax exemption — the former being a function of the State agency, one of whose primary responsibilities is the encouragement of environmentally protec
 
 *187
 
 tive land use, and the latter being a function of the local tax assessor.
 

 The section contemplates that before an exemption may be secured there must be, first, the determination that the land in question qualifies as an eligible tract. That determination is evidenced by the certificate which is the subject of subdivision 2 of the section. The power to issue such certificate, after it has found eligibility, is expressly vested in DEC, which is charged concurrently with the responsibility for specifying and delivering to the owner a management plan for the subject tract, containing requirements and standards which the Department deems necessary for continuing production on the land of marketable forest crops. A certificate, once issued, remains subject, however, to the control of the Department, which by a later subdivision (subd 8) is authorized to revoke the same if it finds that the owner has pursued any one of four specific courses of conduct by which the property has been diverted from departmentally approved forest crop production.
 

 Subdivision 3 treats the manner of procurement of a tax exemption once the DEC certificate of eligibility has been obtained. It is at this point that the assessor assumes a role under the statute. Following the mandate that the owner of an already certified eligible tract make and file a 10-year commitment of the land to forest crops production and file an application for tax exemption with the appropriate assessor, the statute directs that the assessor shall approve the exemption if satisfied that the requirements of the section are met — i.e., that the applicant is the owner of a tract that has been certified by DEC as eligible, that the necessary commitment has been made and filed as prescribed by DEC, and that a proper exemption application has been submitted. The review by the assessor to assure that these requirements have been complied with is not insignificant and refutes respondents’ argument that there was no purpose in injecting the assessor in the process if that official is not to be recognized as having the broad power of eligibility determination for which they argue.
 

 There is no basis, either in the language and organization of the statute or having in mind the areas of respective expertise of DEC and tax assessors, for the claim that the
 
 *188
 
 tax assessor is empowered to determine whether the subject property is eligible as privately owned forest land (as statutorily defined — which itself requires application of the somewhat elastic concept of exclusive use) for the forest crop production exemption, rather than to determine only whether the tract has been certified as eligible by DEC and the commitment and exemption application requirements have been met.
 

 Determination of eligibility lies peculiarly within the competence of DEC, necessitating as it does not only a judgment of the sufficiency of the stand of forest trees on the acreage but also specification of an individualized management plan designed to promote the statutory objective of forest crop production.
 
 [1]
 
 Moreover, vesting in the State agency the power to decide eligibility for benefit under section 480-a has the advantage of permitting Statewide uniformity, through departmental regulations and the consistency of departmental determinations, in decisions of the question. This advantage is tellingly demonstrated in the present case. Clove’s 4,142 acres of forest land in the Town of Highland is but a portion of a 12,000 acre tract extending through four other townships. The certificate of eligibility granted by DEC approved employment for forest crop production under section 480-a of the land in all five townships. Were the statute to be read as respondents would have it, five groups of assessors would reexamine the eligibility of pieces of the whole acreage with possibly different determinations and different results as to tax exemption of the several component parcels. (Assessors of three of the other four townships have approved exemptions under the statute. The application for exemption in the fourth has been withdrawn.)
 

 In face of such considerations, it would be strange indeed to read into the statute what in effect would be an authority for review (and possible veto) of the determinations of the State Department of Environmental Conservation by a local public official. Such a sequence would be exactly the opposite of what would normally be expected were provi
 
 *189
 
 sion made for any review procedure and would vest responsibility for the final determination in a local official whose concerns are remote from the objective the statute was designed to serve in comparison with those of the State agency. Further evidence that the matter of eligibility is a function solely of DEC is to be found in the provisions of subdivision 8 of the section, which confer on it both an ongoing authority to monitor operation of certified eligible tracts and authority to revoke the evidence of eligibility (the certificate of approval of the area as an eligible tract) for failure of continued management of the acreage within the approved plan and regulations. Included in the subdivision is a provision that in the event of such revocation “the department shall notify the chief fiscal officer of the county or counties in which such tract is located”, which then will work a termination of the exemption previously granted. Absent receipt of Such a notice of revocation, however, there is no power in an assessor to treat an exemption as forfeited by reason of ineligibility of the tract in light of the provision in paragraph (a) of subdivision 3 that an exemption once procured “shall continue * * * so long as the certification of the eligible tract shall not be revoked by the department”. It is thus apparent that an assessor has no power to make an independent judgment that once-eligible acreage has become ineligible. By like token, the statute admits of no initial determination by that official of any such ineligibility.
 
 [2]
 

 Inasmuch as it was undisputed on the papers submitted in connection with the owner’s motion for summary judgment that a certificate approving eligibility of the acreage located in the Town of Highland had been issued by DEC, that the commitments of the land had been properly made and filed, and that applications for tax exemptions for the
 
 *190
 
 years 1981-1982 and 1982-1983 had also been properly filed, petitioner’s motion for summary judgment should have been granted and its entitlement to the exemptions sought under section 480-a established.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Judges Jasen, Meyer, Simons and Kaye concur; Chief Judge Cooke and Judge Wachtler taking no part.
 

 Order affirmed, with costs.
 

 [1]
 

 . We observe that DEC is authorized, in the last sentence of subsection 2, to specify uses other than forest crop production which would be permitted as compatible with and supportive of forest crop production.
 

 [2]
 

 . Additionally, we reject respondents’ contention that section 199.4 of DEC rules and regulations enacted in conformity with section 480-a — which provides only that, among other persons, the assessor of an eligible tract shall have the right to enter the area “for the purpose of ascertaining compliance with section 480-a of the Real Property Tax Law or this Part” (6 NYCRR 199.4) — supports their position. The regulation refers to “compliance”, not “eligibility”. As indicated above, a tax exemption may be lost by conduct of a tract owner which is contrary to the prescribed management plan or other departmental regulation of the area. The regulation on which respondents rely simply assures access to a local official who would have a particular interest in any such improper activity and in bringing it to the attention of DEC with possible resulting eligibility-certificate revocation by the agency.