OPINION OF THE COURT
Loren N. Brown, J.
This consolidated proceeding was commenced by the petitioners seeking an order declaring erroneous the 1981 assessment of a portion of their real property, determining that the property be assessed at a rate of $4.10 or $4.11 per acre, and for further relief. JThe petitioners’ suggested assessed valuation is based upon a per-acre assessment for 1979 when the parcels were given partial exemption pursuant to Real Property Tax Law § 480. A trial was held at the Nonjury Term of this court on September 4, 1984.
The litigation involves lands owned by the petitioners, which for many years prior to 1981, were given partial exemption from taxation, by application of Real Property Tax Law § 480 (commonly called the Fisher Act). Pursuant to the Fisher Act (Act), an owner of a purportedly eligible tract of land, as defined in Real Property Tax Law § 480 (2) (a), would file an application for classification of the land as partially tax exempt. Application was made by filing a form in duplicate with the assessors of the town in which the property is located. A copy was then forwarded by the assessors to the State Department of Environmental Conservation (DEC) for their consideration. If approved, *557 the Department filed with the assessors and the county clerk a certificate of approval classifying the property as forested or reforested land. Upon classification, the tracts were then subject to all the provisions of the Fisher Act. It must be noted here that Real Property Tax Law § 480 applied to applications made prior to September 1, 1974. Thereafter, application for certification was made pursuant to Real Property Tax Law § 480-a. There is no dispute that the petitioners duly applied for the benefits of the Act. In 1976, the Luther Forest Corp. applied to the Town Board of Malta for approval of the establishment of a planned development district. The respondents allege that following the change in the zoning law to accommodate petitioners and the resulting development, the tracts were no longer eligible for the benefits of the Fisher Act. Without the benefits of the Act, the assessments for the year 1981 were drastically increased. The petitioners have duly protested the increase.
Following the trial of this litigation, the Court of Appeals issued a decision in Matter of Clove Dev. Corp. v Frey (63 NY2d 181). In Clove, the court, in construing the provisions of Real Property Tax Law § 480-a, found that a determination of eligibility for certification by the State may not be reversed by a subsequent determination of assessors.
While there are similarities between Real Property Tax Law §§ 480, 480-a, there are also obvious differences, and given those differences, how much guidance is Clove (supra) in determining the issues at bar? The application for exemption is essentially the same with the resulting certification by the Department of Environmental Conservation, except that, under the latter section, in order to obtain the exemption, the owner must make a 10-year commitment to continue forest crop production. Thereafter, the procedures diverge more. Pursuant to the latter section, the certificate of approval is issued together with a management plan for the eligible tract. Real Property Tax Law § 480-a, unlike Real Property Tax Law § 480, allows the State to continually monitor the character of the land, and if, for any reason stated in the statute, the land no longer is eligible, Real Property Tax Law § 480-a provides a procedure for termination of the certification. Real Property Tax Law § 480 (3) only provides that “[u]pan the removal of the forest growth, it shall be assessed without regard to the provisions of this section.” The statute is silent as to what governmental body determines that the growth has been sufficiently removed so that it no longer receives partial exemption.
Because of the differences in the statute, the court’s ratio decidendi in Clove (supra) does not neatly dovetail with the case *558 at bar. However, the Court of Appeals based its decision, in part, on policy considerations which apply to both statutes. The court stressed the need for State-wide uniformity in classifying eligible land. In Clove, as in the case at bar, the owner’s tract spilled into adjoining townships, and uniformity of assessment was felt necessary.
Additionally, and more importantly, the court was mindful of the relative expertise of the Department of Environmental Conservation, as opposed to local assessors, in determining eligibility. The statutory yardstick for deciding what is an “eligible tract” for certification requires a knowledge of forestry more probably possessed by the DEC.
Based upon the foregoing, the court finds that Clove (supra) and Real Property Tax Law § 480-a share a sufficient kinship with the case at bar to supply the precedential basis for decision.
Accordingly, the court finds that assessors may not reverse the initial determination of eligibility by the State. The 1981 assessments are declared null and void.
However, the court will not fix the value of the property as requested by the petitioners. The only evidence of current value are the full value assessments, now set aside, and the assessment under the Fisher Act for 1979. Testimony of a prior assessment is not evidence of current valuation. Matter of Lome v Tax Commr. of City of N. Y. (19 Misc 2d 803, affd 11 AD2d 773, Iv denied 11 AD2d 948), People ex rel. Luther v McDermott (265 NY 47) and Matter of Whitney Indus, v Board of Assessors (48 Misc 2d 422), decided before Real Property Tax Law § 480 (3) (a) was amended, are not authority to the contrary.