In the Matter of LUTHER FOREST CORPORATION, Respondent, v
GEORGE McGUINESS, as Assessor of the Town of Malta,
Appellant. (And Four Other Related Proceedings.)

Third Department, November 12, 1987

APPEARANCES OF COUNSEL

*Grogan, Steenburg & Pentkowski, P. C. (Earl D. Steenburg* of counsel), for appellant.

*John P. MacArthur (John W. Sutton* of counsel), for respondent.

## OPINION OF THE COURT

LEVINE, J.

Petitioners are the owners of a tract of land in the Town of Malta, Saratoga County, forming part of what was known as the Luther Forest, who instituted these proceedings challenging the determinations of respondent to increase the 1981 assessments of their properties by eliminating the exemption previously granted to them pursuant to RPTL 480. That statute was originally enacted (Tax Law former § 16, as added by L 1926, ch 610, § 1) "for the purpose of encouraging the preservation of the forests and the devotion of land to reforestation" *(People ex rel. Luther v McDermott,* 265 NY 47, 49). In general, it provides that a tract of land found to be eligible for exemption must be assessed on the basis of the value of land and improvements excluding the value of the forest growth thereon (RPTL 480 [3] [a]). An eligible tract is defined in terms of a stated minimum acreage, planted or underplanted with average minimum numbers of trees per acre "or upon which the majority of the mature timber has been removed in such a manner as to insure a crop of merchantable timber or pulpwood or upon which * * * there is an immature stand sufficient to produce such a crop within thirty years" (RPTL 480 [2] [a]). The statutory procedure for obtaining the exemption requires an owner to file an application in duplicate with the assessor of the town in which the eligible tract is located, one copy of which is sent to the Conservation Department (now the Department of Environmental Conservation [DEC]) for approval or disapproval. If DEC approves the application, it files certificates of approval with the applicable County Clerk and town assessor, after which "[t]he state and its political subdivisions [are] bound thereby" (RPTL 480 [4]). The restricted assessment continues "so long as the forest growth shall remain uncut [and] [u]pon the removal of the forest growth, it shall be assessed without regard to the provisions of this section" (RPTL 480 [3] [c]).

The former owner of the Luther Forest applied for and received the exemption as early as 1931 for his forest lands in

both the Towns of Stillwater and Malta in Saratoga County. In 1974, the then owners of the Luther Forest applied to the Malta Town Board and subsequently obtained a zoning change for the portion of the forest in that town from agricultural to a planned development district. Thereafter, they obtained a series of building lot subdivision approvals and cleared some portions of the tract for roads and the installation of utilities. Additionally, some of the lots were sold and then were partly cleared for home construction thereon. They stipulated with the Town of Malta for withdrawal of the exemption from the cleared portions (see, RPTL 480 [7]). However, based upon the previously described changes, respondent removed the exemption as to the uncleared as well as cleared portions of the tract. After duly exhausting their administrative remedies, petitioners brought these five proceedings under RPTL article 7 against respondent. The proceedings were all consolidated. This appeal is from Supreme Court's annulment of the increased assessments.

The dispositive issue on this appeal is whether respondent could unilaterally determine that, by reason of the planned development and physical changes to portions of the Luther Forest, it was no longer eligible for an exemption under RPTL 480. Supreme Court, relying upon *Matter of Clove Dev. Corp. v Frey* (63 NY2d 181), ruled that determinations concerning eligibility remain the exclusive statutory prerogative of DEC. In *Matter of Clove Dev. Corp. v Frey (supra)*, the Court of Appeals held that, under RPTL 480-a (L 1974, ch 814, § 3), which superseded RPTL 480 for classifications of entitlement to the forest land exemption after September 1, 1974 (RPTL 480 [9], as added by L 1974, ch 814, § 2), the authority to determine eligibility for the exemption was delegated exclusively to DEC. Hence, a local tax assessor could not deny the exemption based upon an independent finding of ineligibility once DEC had certified otherwise. The court based its ruling on (1) the statutory framework under which the role of DEC in certifying and decertifying eligibility and in promulgating a forest management plan to which the owner must annually commit (see, RPTL 480-a [2], [8]) is clearly distinguished and treated separately from the role of the local assessor granting the exemption (RPTL 480-a [3]) after determining that the various statutory procedural requirements had been met *(Matter of Clove Dev. Corp. v Frey, supra,* at 186-187); (2) the recognition that determinations regarding eligibility lie particularly within the expertise of DEC *(supra,* at 188); and (3) the

advantage in thereby providing uniform application of State-wide policy on forestation by a single State agency, rather than permitting disparate eligibility decisions by local assessors "whose concerns are remote from the objective the statute was designed to serve in comparison with those of the State agency" *(supra,* at 189).

In arguing that the holding in *Clove Dev. Corp. (supra)* is inapplicable here, respondent points to the statutory differences between RPTL 480-a and 480 in their principal provisions regarding removal of the forest land exemption. RPTL 480-a (8) (a) expressly delineates a procedure before DEC for revocation of eligibility certification. Respondent contrasts this with the simple provision under RPTL 480, that the exemption lasts only as long as "the forest growth shall remain uncut" (RPTL 480 [3] [c]). Respondent argues that it is also significant that this provision is contained in a subdivision of the statute which deals generally with the powers and duties of the assessor with respect to the exemption, and that a determination of when the forest growth on a tract has been removed does not require the exercise of any technical expertise of DEC, but merely the exercise of powers of observation upon an on-site inspection, well within the capabilities of a local assessor.

Although concededly RPTL 480 lacks the precision in draftsmanship of RPTL 480-a, its successor, a reading of the earlier enactment in its entirety persuades us that the distinctions noted by respondent regarding the loss of the exemption by removing or cutting the forest growth under the two sections are not of crucial significance. First, although RPTL 480 (3) (c) simplistically provides for elimination of the exemption upon such cutting or removal, elsewhere in RPTL 480 it is clearly envisaged that some harvesting of the forest growth may take place without a forfeiture of the tax benefits. Thus, eligibility may still be found under RPTL 480 (2) (a) when "the majority of the mature timber has been *removed* in such a manner as to insure a crop of merchantable timber or pulpwood" (emphasis supplied). Moreover, insofar as RPTL 480 elsewhere deals with the cutting of the forest growth, the statute merely mandates the giving of notice to the local assessor for the purpose of collection of a 6% tax on the stumpage value of the timber cut (RPTL 480 [5]). And even this levy is obviated when the owner cuts timber "with the approval of the [DEC to] make thinnings for the improvement of the forest growth" (RPTL 480 [5]). Additionally, the statute expressly empowers

DEC to determine when the forest growth on an exempt tract has reached a specified stage of development and to give two years' notice to the owner for the withdrawal of the tract from eligibility and the imposition of the stumpage tax on the then existing uncut growth (RPTL 480 [8]). Here too, however, the provision that DEC is authorized to waive these consequences and to continue the eligibility of the tract if the owner, within the two-year period, follows DEC's directions in harvesting and maintaining the growth "according to the principles of practical forest management" (RPTL 480 [8]).

The foregoing provisions, in our view, demonstrate that, just as in RPTL 480-a, the consequences upon eligibility under RPTL 480 of an owner's acts in affecting the forest growth are not merely matters of observation, but involve the exercise of expertise and judgment in implementing the State's policy to promote forest preservation and reforestation. The need for competence and uniform application exists in both instances under both statutes. Although RPTL 480 does not expressly grant DEC the general power to withdraw all or part of a tract from eligibility, we believe that such authority is implicit in the statute in the event that DEC finds that the criteria for eligibility are no longer met. RPTL 480 has long been administratively interpreted to give the agency that authority *(see,* 1946 Opns Atty Gen 173).

In short, we conclude that the same rationale found in *Matter of Clove Dev. Corp. v Frey* (63 NY2d 181, *supra)* to require that DEC have the exclusive authority regarding initial determinations of eligibility for the tax exemption under RPTL 480-a is applicable to determinations of continuing eligibility under RPTL 480. Therefore, Supreme Court correctly held that respondent lacked the power to deny petitioners the forest land exemption under RPTL 480 by determining that their properties were no longer eligible.

MAHONEY, P. J. (dissenting). In my view, respondent has the authority to terminate tracts of land from the benefits of RPTL 480. It is clear that, with regard to exemptions granted pursuant to RPTL 480-a, the authority to make the initial determination as to eligibility rests with DEC *(see, Matter of Clove Dev. Corp. v Frey,* 63 NY2d 181). Likewise, under RPTL 480, DEC has the authority to make the initial determination of eligibility (RPTL 480 [4]). However, at issue here is not an initial determination of eligibility, but a determination of continued eligibility after an alleged cutting of timber. Thus,

this case is unlike *Clove* where, in effect, the local assessor was reviewing DEC's initial determination of eligibility.

In *Clove Dev. Corp.* the Court of Appeals stated in dictum that under RPTL 480-a, the determination of continued eligibility, like the initial determination of eligibility, is for DEC *(supra,* at 189). However, while RPTL 480 and 480-a are similar in purpose, they contain different provisions. RPTL 480-a grants DEC the authority to monitor the operation of a tract and to revoke the certificate of approval, while the local assessor's role is limited to determining whether the owner satisfies certain of the statute's procedural requirements. Both statutes require the owner to give notice of cutting on an eligible tract, but while RPTL 480-a requires that such notice be given to DEC and the county involved, RPTL 480 requires that such notice be given to the local assessor. Also, while RPTL 480-a provides that improper cutting results in revocation of the certificate of approval, a matter for DEC, under RPTL 480 improper cutting requires a change in assessment, a matter generally within the discretion of the local assessor, without regard to the certificate of approval. Finally, while RPTL 480-a provides that the exemption "shall continue * * * so long as the certification of the eligible tract shall not be revoked by [DEC]" (RPTL 480-a [3] [a]), RPTL 480 provides that the exemption continues "so long as the forest growth shall remain uncut" (RPTL 480 [3] [c]).

The above comparison of the statutes convinces me that the local assessor is empowered to determine continued eligibility under RPTL 480 after timber has been cut. It should be noted that when RPTL 480-a was passed, an amendment was made to RPTL 480 which allowed holders of exemptions under that statute to elect to continue to have their land classified under that statute or to apply for certification under RPTL 480-a *(see,* RPTL 480 [9]). In my view, this provision recognizes the procedural difference between the two statutes.

CASEY, MIKOLL and HARVEY, JJ., concur with LEVINE, J.; MAHONEY, P. J., dissents and votes to reverse in an opinion.

Judgment affirmed, with costs.