OPINION OF THE COURT
Loren N. Brown, J.
The petitioners in these proceedings move for an order consolidating all proceedings, pursuant to CPLR 602, granting the petitioners summary judgment in their favor in proceedings designated "6” and "7” in the caption, and directing respondent Towns of Malta and Stillwater to fix assessments on the real property at issue in accordance with RPTL 480, and to ascertain the taxes and assessments, pursuant to RPTL 726 (3). Each aspect of the motion is opposed by one or both of the respondents.
Actions 1 through 5, consolidated by court order, were commenced by the petitioners to obtain an order declaring erroneous the assessments of a portion of their real property, and determining that the property be assessed by the court. The court issued a decision (Matter of Luther Forest Corp. v McGuinness, 126 Misc 2d 556) finding that RPTL 480, popularly known as the Fisher Act, applied to the petitioners’ land, and declaring null and void the respondents’ assessment of the petitioners’ property, which had denied the act’s partial property tax exemption. The court, however, declined to fix the value of the property as the evidence of value then before the court was inadequate. The order issued on the decision was appealed to the Supreme Court, Appellate Division, Third Department, and affirmed. (Matter of Luther Forest Corp. v McGuiness, 131 AD2d 233.) Permission to appeal to the Court of Appeals was denied. (Matter of Luther Forest Corp. v McGuiness, 72 NY2d 802.) Proceeding No. 6 contains issues identical to proceedings Nos. 1 through 5. Proceeding No. 7, in its naissance, may or may not contain the identical issues.
Addressing first the motion to consolidate, proceedings Nos. 1 through 6 will be ordered consolidated. As indicated above, proceeding No. 7 is in a different procedural posture than the proceedings against the Town of Malta, and should remain separate.
The central issue presented to the court on this motion is whether, as the petitioners contend, section 480 of the Real Property Tax Law applies to partially exempt the petitioners’ property from special ad valorem levies, and special assessments as well as town, county and school taxes.
*1020 RPTL 480 and 102 (20), read together, give some indication of the former section’s scope. RPTL 480, in subdivisions (1), (3) (а) and (6), refers to partial exemption of forest and reforested land from taxation. RPTL 102 (20) defines "tax” or "taxation” to mean "a charge imposed upon real property by or on behalf of a county, city, town, village or school district for municipal or school district purposes, but does not include a special ad valorem levy or a special assessment.” By definition alone, the Fisher exemption for taxation should not apply to special ad valorem levies or special assessments.
However, statutory guidance does not stop here. Subdivision (б) provides that money received pursuant to RPTL 480 should be distributed to the town and to school districts. Such a distribution is to general funds, not for funding of local improvements, the use to which ad valorem charges and special assessments are put. (Matter of Long Is. R. R. Co. v Hylan, 240 NY 199.)
Additionally, RPTL 490 contains a list of real property classifications which are exempt from ad valorem levies and special assessments. RPTL 480 is not included on that list. Other sections of the RPTL (e.g., §§ 440, 446) specifically provide for exemptions from special ad valorem levies and special assessments. Plainly, had the Legislature intended the partial exemption the petitioners seek, it could have specifically provided for it.
In addition to the statutory provisions which rule out the partial exemption the petitioners seek, the policy behind the Fisher Act does not justify an extension of the act to ad valorem levies and special assessments. In passing the Fisher Act, the Legislature attempted to foster the development of forests. (People ex rel. Luther v McDermott, 239 App Div 533, revd 265 NY 47.) The Appellate Division, Third Department, in that case wrote of the policy as follows: "For the past several years it has been the policy of the State to encourage reforestation. It is unnecessary for us to review the many benefits which will ultimately accrue to all the citizens of the State by such reforestation of vacant and denuded lands such as the increase in taxable property, prevention of erosion, equalizing stream flow, flood control, stream control, creation of supplies of potable water, increasing lands available for recreation purposes and the protection of the wild life of the State. The rehabilitation and improvement of our forest resources is a farsighted, beneficial governmental policy.” (Supra, at 536.) The Fisher Act addresses the condition of virtu *1021 ally unpopulated, idle, denuded lands and the need to reforest them. On the other hand, special assessments and ad valorem levies are methods of paying for the trappings of civilization— water districts, sidewalks, sewer systems. (Matter of City of New York [Consolidated Gas Co.], 190 NY 350; Matter of Starr St., 73 Misc 380.) It may not be fairly found that, in promoting reforestation, the Legislature contemplated the financing of projects required as settled areas encroached on the forested areas, and included such financing within the scope of RPTL 480.
In summary, for the reasons stated, the court finds that RPTL 480 does not provide a partial exemption for ad valorem levies and special assessments.
Having so found, the court will grant a judgment as to proceedings Nos. 1 through 6 requiring the respondents in these proceedings to fix assessments on the petitioners’ land and ascertain the taxes and assessments to be paid by the petitioners as soon as feasibly possible. The method of assessment and computation shall comply with the order of this court, dated March 6, 1986, as affirmed, and the order to be executed based upon this motion. Any assessments of the petitioners’ property by the Town of Stillwater, and taxes, and assessments deemed payable pursuant to these assessments, shall also conform to the orders of this court.