In the Matter of LUTHER FOREST CORPORATION et al., Appellants, v GEORGE McGUINESS, as Assessor of the Town of Malta, et al., Respondents. (And Another Related Proceeding.)

Third Department, January 31, 1991

**APPEARANCES OF COUNSEL**

*John W. Sutton* for appellants.

*Earl D. Steenburg* for George McGuiness, respondent.

**OPINION OF THE COURT**

LEVINE, J.

Petitioners are the owners of certain parcels of real property located in Saratoga County which, in 1979, were granted a partial exemption from taxation pursuant to RPTL 480. In 1981, respondent Assessor of the Town of Malta eliminated the exemption previously granted and petitioners brought five separate proceedings under RPTL article 7, consolidated by Supreme Court, challenging the resulting increased assessments. Supreme Court determined that the Assessor could not unilaterally remove the exemption, since such authority was vested in the State Department of Environmental Conservation (126 Misc 2d 556), and this court subsequently affirmed (131 AD2d 233, *lv denied* 72 NY2d 802).

Thereafter, in 1988 and 1989, petitioners commenced additional proceedings (proceeding Nos. 6 and 7) challenging respondents' failure to grant the taxation exemption for certain other parcels located in the Towns of Malta and Stillwater, Saratoga County, and to apply RPTL 480 so as to exempt their property from special ad valorem levies and special assessments. Petitioners then moved, *inter alia,* to consolidate all of the proceedings and for an order directing respondents to fix assessments in accordance with RPTL 480. Following oral argument, Supreme Court consolidated proceeding Nos. 1 through 6 and, insofar as is relevant to this appeal, denied any relief with respect to petitioners' request that RPTL 480 be applied to partially exempt their property from special ad valorem levies and special assessments. This appeal followed.

Petitioners' sole contention on this appeal is that RPTL 480 is an "assessment ceiling" provision applicable to all forms of taxation, including ad valorem levies and special assessments. We disagree. RPTL 480 (3) (a) provides that, "for purposes of *taxation*" (emphasis supplied), assessment of eligible tracts of forest land shall not include the value of "planted or underplanted trees or natural reproduction". "Taxation" is defined by RPTL 102 (20) as "a charge imposed upon real property by or on behalf of a county, city, town, village or school district * * * *but does not include a special ad valorem levy or a special assessment*" (emphasis supplied). Notably, RPTL 102 is

the definitional provision for the statutes contained in chapter 50-A of the consolidated laws, of which RPTL 480 is a part. Thus, taken literally, the relief from "taxation" contained in RPTL 480 (3) (a) does not apply to taxes for special benefits represented by special ad valorem levies or special assessments, as defined under the RPTL *(see,* RPTL 102 [14], [15]).

We are not persuaded by petitioners' contention that, based on legislative history, the literal language of the statute should not be followed and the relief from real property taxation provided under RPTL 480 should apply to ad valorem levies and special assessments. Petitioners' argument appears to be that the language of RPTL 480 (3) (a) has remained unchanged since its original enactment *(see,* L 1926, ch 610; Tax Law former §§ 13, 16) and was unrelated in its original form to the then-existing provisions of the Tax Law (citing Tax Law former § 4), dealing in general with exemptions from real property taxation and limiting application of such exemptions in the case of ad valorem levies or special assessments. Thus, petitioners argue, the predecessor to RPTL 480 (3) (a) afforded relief from ad valorem levies and special assessments as well as from other forms of taxation of real property. Citing to a statutory provision (RPTL 2002 [6]) providing that the creation of RPTL article 4, dealing with exemptions under the RPTL, was not intended to effect any substantive changes, petitioners then argue that the placement of RPTL 480 in article 4 was not intended to narrow the scope of the tax relief afforded by its predecessor statute.

We disagree. Petitioners have cited to no authority whatsoever establishing that the predecessor to RPTL 480 (3) (a), as originally enacted or otherwise, applied to ad valorem levies or special assessments. Whether deemed a tax exemption or, as petitioners would have it, an assessment ceiling, petitioners concede that the tax relief granted under the original enactment of the statute was limited by the language "for purposes of taxation" *(see, People ex rel. Luther v McDermott,* 265 NY 47, 49). By long-standing precedent, statutory relief from real property "taxation", even when not contained in Tax Law former § 4, was held not to apply to taxes imposed for special benefits, typically in the form of special ad valorem levies or special assessments *(see, Board of Educ. v Town of Greenburgh,* 277 NY 193, 195-196).

It follows from the foregoing that the legislative history cited by petitioners does not mandate departure from the literal language of the RPTL excluding special ad valorem

levies and special assessments from the benefits of RPTL 480 *(see,* RPTL 102 [20]; 480 [3] [a]). Even if considered an assessment ceiling, as petitioners urge, RPTL 480 is still "functionally a particularized species of exemption from taxation" *(see, Matter of Grace v New York State Tax Commn.,* 37 NY2d 193, 197). As such, petitioners had the burden of showing a clearcut entitlement to the statutory benefits *(supra,* at 196), which they failed to do here. Indeed, there is nothing in RPTL 480 to indicate that the Legislature, in its effort to promote reforestation *(see, People ex rel. Luther v McDermott, supra),* intended to exclude forested land from assessment for purposes of funding local improvements or services. In contrast, several other sections within RPTL article 4 explicitly provide for exemptions from special ad valorem levies and special assessments, as well as from taxes *(see, e.g.,* RPTL 404, 406, 408, 410, 410-a, 416, 418, 422, 426, 427, 428, 430, 432, 436, 438, 440, 446, 450, 452).

MAHONEY, P. J., WEISS, MERCURE and HARVEY, JJ., concur.

Order affirmed, with costs.