■ SYSCO CORPORATION et al., Respondents, v TOWN OF HEMPSTEAD et al., Appellants.—In an action to declare the imposition of ad valorem assessments for garbage district purposes against the plaintiffs' properties to be in violation of Town Law § 198 (9) (b), and to be in violation of the Fourteenth Amendment of the US Constitution and NY Constitution, article I, § 11, the appeal, as limited by the appellants' brief, is from so much of an order of the Supreme Court, Nassau County (McGinity, J.), dated September 4, 1986, as upon reargument, adhered to the original determination denying the appellants' motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is modified, by adding thereto a provision that the branch of the motion which was to dismiss the plaintiffs' first cause of action pursuant to CPLR 3211 (a) (7) is deemed a motion for summary judgment as to that cause of action, that branch of the motion is granted, and upon resolution of the remaining issues in the case, the appellants shall be entitled to a provision in the judgment determining the action declaring ad valorem assessments by a refuse and garbage district to provide garbage collection services to be permissible pursuant to Town Law § 198 (9) (b) and § 202 (3); as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the order of the same court, dated July 9, 1986, which denied the appellants' motion, is modified accordingly.

The allegations of the complaint alleging violations of statute and the Federal and State Constitutions, when considered as true, demonstrate the existence of a bona fide justiciable controversy which should be settled. Thus, the plaintiffs have made a sufficient showing to withstand the defendants' motion to dismiss the complaint (see, CPLR 3211 [a] [7]; *Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *Metropolitan Package Store Assn. v Koch,* 89 AD2d 317, 322, *mot to dismiss appeals granted* 58 NY2d 1112, *appeal dismissed* 464 US 802, *reh denied* 464 US 1003).

However, as the plaintiffs conceded on oral argument of this appeal, with respect to the first cause of action, a review of the legislative history and wording of Town Law § 198 (9) (b) and § 202 (3) leads to the conclusion that the latter statutory provision provides that ad valorem assessments for garbage collection services may be imposed by a garbage district. The former section provides an alternative discretionary means of financing such services, namely, user charges (see, L 1941, ch 263, § 15; L 1946, ch 709, § 1). In light of that concession, the branch of the motion which was to dismiss the first cause of action should be deemed one for summary judgment with respect thereto, and in the final judgment, and appropriate declaration should be made (see, *Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Thompson, J. P., Brown, Rubin and Harwood, JJ., concur.