■ TUCKAHOE HOUSING AUTHORITY, Appellant, v TOWN OF EASTCHESTER et al., Respondents. [616 NYS2d 810] —In an action, *inter alia,* for a judgment declaring that the plaintiff is not liable for the payment of certain charges levied by the Town of Eastchester on behalf of the Eastchester Fire District, the plaintiff appeals from an order of the Supreme Court, Westchester County (Fredman, J.), dated December 23, 1992, which denied its motion for summary judgment.

Ordered that the order is modified, on the law, by, upon searching the record, granting summary judgment to the defendants; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for entry of a judgment declaring that the plaintiff is liable for the payment of fire district charges levied by the defendants.

The plaintiff, a public corporation established under the Public Housing Law, owns and operates various housing projects in the Town of Eastchester. Pursuant to State law and the terms of a cooperation agreement with the Town of Eastchester, the real property owned by the plaintiff is exempt from the payment of municipal taxes levied by the local taxing authorities *(see,* RPTL 414; Public Housing Law § 52 [3]). No mention is made in either the statute or agreement of charges payable by reason of special benefits conferred in a special benefit district.

The plaintiff commenced the instant action, seeking a declaration that it is exempt from the payment of charges levied by the Town on behalf of the local fire district. The Supreme Court denied the plaintiff's motion for summary judgment,

concluding that the subject fire district charges do not constitute a local or municipal tax within the purview of Public Housing Law § 52 (3).

We agree with the Supreme Court the the charges at issue constitute a "[s]pecial ad valorem levy" imposed upon the benefited property to defray the costs of providing fire protection services *(see,* RPTL 102 [14]). The Legislature has expressly excluded such levies and special assessments from the definition of "tax" under the RPTL *(see,* RPTL 102 [20]). Construing the Legislature's intent in accordance with well-settled rules, we agree with the Supreme Court's conclusion that Public Housing Law § 52 (3) does not exempt the plaintiff from the payment of special benefit fire district charges *(see,*McKinney's Cons Laws of NY, Book 1, Statutes § 240; *see also,* Public Housing Law § 99; *King County Fire Protection Dists. #16, #36 & #40 v Housing Auth.,* 123 Wash 2d 819, 872 P2d 516). Therefore, upon searching the record, we grant summary judgment to the defendant, and, since this is a declaratory judgment action, remit the matter to the Supreme Court for entry of an appropriate judgment declaring the rights of the parties *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Rosenblatt, J. P., Miller, Ritter and Hart, JJ., concur.