■ In the Matter of CRANDALL PUBLIC LIBRARY et al., Appellants, v CITY OF GLENS FALLS et al., Respondents. [629 NYS2d 100] —White, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered July 15, 1994 in Warren County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Common Council of the City of Glens Falls exempting certain real property from the tax levies of petitioner Crandall Public Library Improvement District.

The necessary expenses incurred in operating and maintaining petitioner Crandall Public Library Improvement District (hereinafter the District) are met by a levy imposed upon the properties within the District, which encompasses the Town of Moreau, Saratoga County, the Town of Queensbury, Warren County, and respondent City of Glens Falls, Warren County (*see*, L 1992, ch 456, § 1). On November 16, 1993, respondent Common Council of the City of Glens Falls adopted a resolution exempting properties located within the City of Glens Falls and owned by respondent Glens Falls Housing Authority (hereinafter the Housing Authority) and respondent Henry Hudson Townhouses (hereinafter Henry Hudson), a redevelopment company organized pursuant to Private Housing Finance Law article 5, from the District's levy.

Petitioners responded by commencing this CPLR article 78

proceeding seeking, *inter alia*, a judgment nullifying the November 16, 1993 resolution. Supreme Court dismissed the petition, finding that the District's levy was not an ad valorem levy but a tax from which the Housing Authority and Henry Hudson were exempt.

Real property owned by a redevelopment company is entitled to the exemption provided in Private Housing Finance Law § 125 (1) (a). Pursuant to that statute, a local legislative body may by contract[1] agree to exempt from "local and municipal taxes, other than assessments for local improvements, all or part of the value of the property included in such project". Inasmuch as an ad valorem levy is an assessment for a local improvement (*see*, RPTL 102 [14]), the challenged resolution is invalid as to Henry Hudson unless the subject levy is a tax.

Taxes are public burdens imposed generally for governmental purposes benefiting the entire community, whereas an ad valorem levy is an assessment imposed for specific municipal improvements which confer a special benefit on the property assessed beyond that conferred generally (*see*, *Norwood v Baker*, 172 US 269; *Roosevelt Hosp. v Mayor, Aldermen & Commonalty of City of N. Y.*, 84 NY 108, 112; *Church of Christ the King v City of Yonkers*, 115 Misc 2d 461, 463; *see also*, RPTL 102 [20]). Ad valorem levies have been utilized to finance the construction of sewers (*see*, *Wilkosz v Village of Brocton*, 166 AD2d 885), the costs of garbage collection services (*see*, *Matter of Pokoik v Incorporated Vil. of Ocean Beach*, 143 AD2d 1021, *lv denied* 73 NY2d 706; *Sysco Corp. v Town of Hempstead*, 133 AD2d 751) and the costs of providing fire protection services (*see*, *Tuckahoe Hous. Auth. v Town of Eastchester*, 208 AD2d 521). In each of these instances, the property provided with these services received a direct tangible benefit which enhanced its value. In contrast, the provision of library services brings immeasurable benefits to property and nonproperty owners alike and does not directly benefit or enhance the value of the property within that library district. For that reason, we view the subject levy as a tax and agree with Supreme Court that the challenged resolution is valid as it pertains to Henry Hudson.

Because the Housing Authority's properties were financed by loans from the State, they are State projects (*see*, Public Housing Law § 3 [16]) and, for real property tax exemption purposes, are governed by Public Housing Law § 52 (4) (a).

---

1. Subsequent to the adoption of the challenged resolution, Henry Hudson and the City of Glens Falls entered into a contract in compliance with Private Housing Finance Law § 125.

Under that statute it is immaterial whether the subject levy is considered a tax or ad valorem levy since it provides in pertinent part that "property included in a state project * * * shall be exempt from any and all state, county, city, village, town, school and special district taxes". Thus, since the levy here falls within the ambit of a special district tax (see, RPTL 102 [16]), the Housing Authority is entitled to an exemption for its properties. We note, however, that the exemption applies only to that portion of the value of the properties that represents an increase over their assessed valuation on the date of the contract for a State loan (see, Public Housing Law § 52 [4] [a]).[2] Therefore, insofar as the challenged resolution provides for a full exemption for the Housing Authority, it is invalid. Consequently, Supreme Court erred in dismissing the petition against the Housing Authority.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the petition regarding respondent Glens Falls Housing Authority; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

2. Private Housing Finance Law § 125 contains a similar restriction which Henry Hudson and City of Glens Falls incorporated in their contract.