■ In the Matter of L.P.A. ASSOCIATES, Appellant, v KIMBALL W. DABY et al., Constituting the Board of Assessors of the Town of North Elba, et al., Respondents. [647 NYS2d 867] —Mercure, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered June 5, 1995 in Essex County, which, in a proceeding pursuant to RPTL article 7, *inter alia*, granted respondents' motion for summary judgment dismissing the petition.

Petitioner is a redevelopment company as defined by Private Housing Finance Law article V and is the owner and developer of a Federally-subsidized housing project (hereinafter the Project) for low-income elderly and handicapped persons in the Vil-

lage of Lake Placid, Town of North Elba, Essex County. Pursuant to Private Housing Finance Law § 125, petitioner receives a limited tax exemption in exchange for a cap on the amount it can realize in profit from the Project.

In October 1978, petitioner entered into an agreement with the Village and the Town for payment in lieu of taxes (hereinafter the PILOT agreement) that set forth the terms of petitioner's limited tax exemption, i.e., that the amount by which the value of the Project exceeds the assessed valuation of the site at the time of its acquisition by petitioner ($400,000) is exempt from local and municipal real estate taxes "other than assessments for local improvements".

In 1994, the Town imposed upon petitioner a tax of $10,502.77 on behalf of the Town Public Parks and Play Ground District (the Parks District), based on the then full current valuation of the Project, i.e., $6,100,000. In response, petitioner commenced the instant RPTL article 7 review proceeding. Respondents thereafter moved for summary judgment dismissing the petition. Petitioner cross-moved for summary judgment. Supreme Court granted respondents' motion for summary judgment dismissing the petition and denied petitioner's cross motion. Petitioner appeals.

At issue is whether the fees levied upon petitioner by the Town on behalf of the Parks District constitute a general tax, from which petitioner is partially exempt pursuant to the PILOT agreement, or whether it is an assessment for "local improvements", which petitioner must pay at a rate based upon the current full valuation of its property. This Court dealt with this issue in *Matter of Crandall Pub. Lib. v City of Glens Falls* (216 AD2d 814), decided subsequent to Supreme Court's determination, wherein it was determined that a levy to fund the Crandall Public Library Improvement District, imposed against properties within the District, constituted a general tax rather than an assessment for local improvements. Because the services provided by a library would "not directly benefit or enhance the value of the property", the assessment to fund it was deemed to be a tax (*supra*, at 815). Fire protection, garbage collection and sewer services, on the other hand, have been characterized as services which impart direct and tangible benefits upon real property, enhancing its value, with the result that levies to fund them constitute assessments for local improvements (*supra*, at 815; *see, Wilkosz v Village of Brocton*, 166 AD2d 885; *Matter of Pokoik v Incorporated Vil. of Ocean Beach*, 143 AD2d 1021, *lv denied* 73 NY2d 706; *Tuckahoe Hous. Auth. v Town of Eastchester*, 208 AD2d 521, *lv denied* 85 NY2d 808).

The recreational services provided by the funding of the Parks Department at issue in the instant matter are more closely analogous to the services provided by the library district that was the subject of *Matter of Crandall Pub. Lib. v City of Glens Falls* (*supra*, at 815), rather than to the benefits furnished by fire protection, garbage collection or a sewer district. Like the services provided by a library, a park or playground would also fail to provide the Project with a direct and tangible benefit, although the amenities made available thereby would be of potential benefit to those individuals who live there and might choose to use them (*see, supra*, at 815). We conclude that the charges in question here are more aptly characterized as a general tax from which petitioner may claim a partial exemption under the PILOT agreement and Public Housing Finance Law § 125.

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, motion denied, cross motion granted and summary judgment awarded to petitioner.