*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 21, 2016                521503
_____

VILLAGE OF MALONE HOUSING
    AUTHORITY,
                        Appellant,

            v                                    MEMORANDUM AND ORDER

TOWN OF MALONE,
                        Respondent.
_____

Calendar Date:  November 20, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

_____

        Law Office of John A. Piasecki, Malone (John A. Piasecki of
counsel), for appellant.

        Brian S. Stewart, Malone, for respondent.

_____

Lynch, J.

        Appeal from an order of the Supreme Court (Ellis, J.),
entered February 2, 2015 in Franklin County, which, among other
things, awarded summary judgment to defendant.

        Plaintiff is a municipal housing authority (see Public
Housing Law § 493) located in the Village of Malone, Franklin
County.  Prior to January 2012, plaintiff procured fire
protection services through a cooperative agreement with the
Village.  In 2011, the Legislature enacted home rule legislation
authorizing defendant to incorporate the Village into its fire
protection district (L 2011, ch 144).  Thereafter, in January
2012, defendant issued a tax bill to plaintiff, which included a
fire protection charge.  In response, plaintiff commenced this
action seeking a declaration that it is exempt from the payment

of the charge pursuant to Public Housing Law § 52 (3), which exempts plaintiff from the payment of all local and municipal taxes.  Supreme Court denied plaintiff's motion for summary judgment and, after searching the record, granted summary judgment in defendant's favor and declared that the property was not exempt.

We affirm.  At issue is whether the charge for fire protection services constitutes a general tax, for which plaintiff would be exempt, or a special ad valorem levy, which plaintiff would be obligated to pay (see RPTL 102 [14], [20]).  "Taxes are public burdens imposed generally for governmental purposes benefiting the entire community, whereas an ad valorem levy is an assessment imposed for specific municipal improvements which confer a special benefit on the property assessed beyond that conferred generally" (Matter of Crandall Pub. Lib. v City of Glens Falls, 216 AD2d 814, 815 [1995] [citations omitted]).  The costs of fire protection services or fire district charges have been recognized as ad valorem levies, not embraced within the exemption for taxes under Public Housing Law § 52 (3) (see Tuckahoe Hous. Auth. v Town of Eastchester, 208 AD2d 521, 522 [1994], lv denied 85 NY2d 808 [1995]; see also Matter of L.P.A. Assoc. v Daby, 231 AD2d 827, 828 [1996]; Matter of Crandall Pub. Lib. v City of Glens Falls, 216 AD2d at 815).[1]  We agree with this characterization and conclude that Supreme Court properly determined that Public Housing Law § 52 (3) does not exempt plaintiff from the payment of the fire protection charge at issue.

Lahtinen, J.P., McCarthy, Egan Jr. and Clark, JJ., concur.

_____

[1]  Because plaintiff's properties were and are funded by the Department of Housing and Urban Development, a federal agency, the applicable tax exemption is set forth in Public Housing Law § 52 (3) (compare Matter of Crandall Pub. Lib. v City of Glens Falls, 216 AD2d at 815 [authority funded by state loans governed by exemption set forth in Public Housing Law § 52 [4] [a]).

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court