In Mullin v. Genesee Co., etc., supra, it is said by Werner, J.:

"The reason for this exception to the general rule is that it would be manifestly absurd to hold a master to the duty of providing a safe place when the very work in which the servant is engaged makes it unsafe."

The judgment and order should be reversed, and a new trial should be granted; costs to abide the event.

CARR, RICH, and STAPLETON, JJ., concur. THOMAS, J., dissents.

---

### ALMIND v. SEA BEACH RY. CO.

(Supreme Court, Appellate Division, Second Department. May 16, 1913.)

INJUNCTION (§ 96*)—USE OF PHOTOGRAPH—STATUTORY PROVISIONS—"TRADE PURPOSES"—"ADVERTISING PURPOSES."

Civil Rights Law (Consol. Laws 1909, c. 6) § 50, prohibiting persons, firms, or corporations from using for advertising purposes or purposes of trade the name, portrait, or picture of any living person without having first obtained such person's written consent, was technically violated by a street railway company, which took the picture of passengers entering and leaving a car, and subsequently used it to teach passengers the proper way to enter and alight with safety, although a passenger shown in the picture knew of its intended use and consented thereto, since, while the picture was not used for "trade purposes," the element of gain being too remote, it was used for "advertising purposes," which is not limited to matters of vocation, or even avocation, but includes advertisements essentially for unselfish purposes, and the passenger's oral consent to the use of the picture could not take the place of the written consent required by statute, and hence its use would be enjoined.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 167; Dec. Dig. § 96.*]

Burr and Carr, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by Mary Clarissa Almind against the Sea Beach Railway Company. From a judgment (78 Misc. Rep. 445, 139 N. Y. Supp. 559) dismissing the complaint, plaintiff appeals. Reversed, and judgment rendered for plaintiff.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Thomas E. O'Brien, of New York City (Louis Weinberger, of New York City, on the brief), for appellant.

J. W. Carpenter, of Brooklyn, for respondent.

THOMAS, J. This action involves the use of the plaintiff's picture for alleged "advertising purposes or for the purposes of trade," in alleged violation of section 50, article 5, of the Civil Rights Law. The evidence shows the presence of the plaintiff, her six year old child, and her sister-in-law at a place where a picture was about to be taken and later used to teach passengers a self-protecting way to enter and leave a car. The evidence is that the purpose was explained to her,

---

and that she was invited to enter the car to become a part of the picture. She admits her voluntary entry by invitation, but denies that the intended use of the picture was revealed, and insists that she understood that the man and woman engaging in the maneuvers were bride and groom on their honeymoon. The statement is incredible. The trial court found that she knew the purpose of the picture and willingly made herself a part of it. But I think that such evidence of her understanding and consent is not sufficient, under the statute, to authorize the defendant; otherwise, any person making a picture of one willingly sitting for it could use it for advertising, by proving that he disclosed the purpose and that she either consented or did not demur. So parol consent is made to take the place of the written consent required by the statute.

The picture was taken for advertising, but not for trade, purposes. The object was to teach those who did or should travel on cars the way to enter and to alight with a greater degree of safety. Such education has an individual value for the traveler on the car, an economic value for the state, and a possible and indirect pecuniary value for the carrier. But the carrier is not soliciting more persons to patronize it, and thereby adding to its trade or profits, but rather it is showing that whoever uses the methods illustrated would escape harm. If a traveler should alight in a way that in itself begets danger, the risk of it should fall on him, and not on the carrier, and I do not perceive how the carrier was forefending itself from just contingent liability. If such an element of gain be present, it is remote in a legal sense and negligible. But trade is essentially for gain, and the absence of it seems so far to withdraw the act in question from the operation of the statute.

The next inquiry is whether the exhibition of the picture was for "advertising purposes." It would make the statute useful, but greatly limit it, to confine the advertising to matters of vocation, or even avocation, where there would be pecuniary return, or expectation of it. If an advertisement were essentially for unselfish purposes, the portrait of a person not giving the statutory consent could not be displayed. The right of privacy under the statute cannot be invaded for purposes purely informative or redemptive, whether the altruist be entirely a charitable envoy or a railway company. No cause is so exalted that it may allure by exposing the portrait of a person to the public gaze. The statute does not mean that the grocer may not without written consent use another's picture to advertise his goods, but that a reformer may without such consent expose it to call attention to ways and means of reformation.

There is no escape from the conclusion that the defendant has infringed technically the plaintiff's rights under the statute, and the judgment should be reversed, and judgment had restraining the use of the picture, with costs.

JENKS, P. J., and RICH, J., concur. BURR and CARR, JJ., dissent.