CAROL L. SELSMAN, Known Professionally as CAROL LYNLEY, an Infant, by EARLE W. ZAIDINS, Her Guardian ad Litem, Appellant, v. UNIVERSAL PHOTO BOOKS, INC., et al., Respondents, et al., Defendants.

First Department, March 21, 1963.

*Earle Warren Zaidins* for appellant.

*Morris Lyman* of counsel (*Lyman & Tenenbaum,* attorneys), for respondents.

McNALLY, J. In an action under sections 50 and 51 of the Civil Rights Law, plaintiff appeals from an order denying her motion for summary judgment.

The infant plaintiff is an actress and model. She was engaged in 1957 in the production by Walt Disney Buena Vista studios

of a picture titled " The Light In The Forest ". A number of on-location pictures were taken with Minox cameras.

Kling Photo Corp. sells Minox cameras and accessories. It acquired from Buena Vista the photographs here involved. Kling delivered the photographs to its advertising agency Herbert Baker Advertising, Inc. The photographs were published for and in behalf of Kling in a publication known as Minox Memo. Thereafter Herbert Baker Advertising, Inc. made the photographs available to defendant Universal Photo Books, Inc., which in 1961 published the Minox Manual. At page 119 of the Manual are four photographs, one of which is of the plaintiff focusing a Minox camera. At the bottom of the page is the following legend: " While on location, shooting the Walt Disney motion picture ' The Light in the Forest,' star Carol Lynley and the film's promotion director took over a hundred Minox pictures, of which these are representative."

The Minox Manual as well as the Minox Memo expound the versatility, effectiveness and virtues of the Minox camera. Universal's president asserts: " the inclusion of the Carol Lynley picture was intended to show another use of the Minox camera for existing owners, along with other usages as covered throughout the book. The whole tone of the book is to maximize the satisfaction to be derived by those who are already owners of the camera." The manual is sold at $5 per copy and defendants thereon argue a purchaser is unlikely to pay the price unless he owns a Minox. This argument ignores the value of the publication in the sale of accessories and additional cameras. Moreover, the manual is described in its jacket as the " bible " of miniature photography. In the light of its content, concerned solely with the Minox camera, the evident purpose is to extoll the virtues not of miniature cameras generally but of the Minox camera in particular.

Although in a broad sense the manual serves an educational purpose, nevertheless it does advertise the Minox camera. The ultimate objective of commercial advertising is to educate the public as to the advantages and virtues of commodities and thereby stimulate demand therefor. The provision of section 50 of the Civil Rights Law with regard to " uses for advertising purposes " is to be construed liberally and the publication of plaintiff's picture is within its scope. (*Almind* v. *Sea Beach Ry. Co.*, 157 App. Div. 230; *Flores* v. *Mosler Safe Co.*, 7 N Y 2d 276; *Manger* v. *Kree Inst. of Electrolysis*, 233 F. 2d 5, 8–9.)

Plaintiff did not consent in writing to the use by defendant Universal of her name and picture for advertising purposes. (*Adrian* v. *Unterman*, 281 App. Div. 81, 88–89, affd. 306 N. Y.

771.) On this record it is apparent, and in fact it was so conceded on the argument of this appeal, that plaintiff failed to make a case against defendants Verlan Books, Inc., and S. D. Uslan.

The order denying plaintiff's motion for summary judgment should be reversed, on the law, the motion granted, an assessment of damages directed as to defendant Universal Photo Books, Inc., and the complaint dismissed as to defendants Verlan Books, Inc., and S. D. Uslan, with costs to prevailing parties.

RABIN, J. (dissenting in part). I dissent in part and vote to deny plaintiff summary judgment against the defendant Universal Photo Books, Inc.

Section 51 of the Civil Rights Law provides that damages may be recovered by "Any person whose name, portrait, and picture is used * * * for advertising purposes or for the purposes of trade without * * * consent". Essential to a determination that plaintiff's right of privacy has been violated is a finding that the unauthorized use of her name and picture was made for "advertising purposes or for the purposes of trade". A use not made for such purposes is not violative of the statute (cf. *Callas* v. *Whisper, Inc.,* 198 Misc. 829, affd. 278 App. Div. 974, affd. 303 N. Y. 759; *Damron* v. *Doubleday, Doran & Co.,* 133 Misc. 302, affd. 226 App. Div. 796).

The affidavits submitted and the exhibits offered in support of the motion for summary judgment are, in my opinion, insufficient to warrant the conclusion that, as a matter of law, the use of plaintiff's name and picture was for such proscribed purposes. The entire book was not submitted to Special Term and is thus not part of the record before us. It may very well be that the use made of plaintiff's name and picture is — in the over-all context of the book — so incidental and inconsequential as not to constitute a use for purposes of advertising and trade (cf. *Stillman* v. *Paramount Pictures Corp.,* 2 A D 2d 18, affd. 5 N Y 2d 994). Although the affidavits and exhibits contain a general description of the book and, to some extent, indicate the setting of the picture, I do not believe the case can be disposed of at this juncture without an examination of the book in its entirety. Absent such examination, I cannot say whether the use made of plaintiff's name and picture is, as a matter of law, violative of the section or that there is not a triable issue of fact. Such examination may, to the contrary, reveal the use to be nonviolative as a matter of law, or may require the conclusion that a question of fact is presented which requires resolution by a trial. This being so, summary judgment ought not now be granted against Universal Photo Books, Inc.

154

BREITEL, J. P., and EAGER, J., concur with McNALLY, J.; RABIN, J., dissents in part in opinion, in which BASTOW, J., concurs.

Order, entered on August 29, 1962, denying plaintiff's motion for summary judgment, reversed, on the law, the motion granted, an assessment of damages directed as to defendant Universal Photo Books, Inc., and the complaint dismissed as to defendants Verlan Books, Inc., and S. D. Uslan, with costs to prevailing parties.