■ In the Matter of ALBEE LEVINE et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

The issue before this court is whether purchases of floral arrangements by petitioner*, a caterer, from a florist are nontaxable as purchases for resale. It is undisputed that the cost of the purchases of flowers is passed on to petitioner's customers as part of its per customer charge for a catered event. It was petitioner's practice to present a resale certificate when purchasing such flowers and thus it had not paid sales tax on the purchases of flowers from suppliers. However, a sales tax was paid to the State on the entire amount charged the customer which included the charge for the flowers. The Audit Division of the Department of Taxation and Finance concluded that the sale from the suppliers to petitioner was not for resale and thus assessed petitioner with a tax deficiency of $17,922.08 for the period June 1, 1980 through May 31, 1983. A hearing ensued, after which respondent issued a determination upholding petitioner's liability for sales tax on its purchases of flowers. This CPLR article 78 proceeding ensued and was transferred to this court.

Petitioner contends that its purchases of flowers from suppliers were for resale and thus should not have been subject to

---

* There are actually two petitioners, Albee's Galaxie, Ltd., a domestic corporation which operates the catering business in Nassau County, and Albee Levine, a responsible officer of the corporation. Since officer liability is not an issue in this proceeding, references to petitioner will refer to the corporate petitioner.

sales tax. The receipts from every retail sale of personal property are subject to sales tax unless otherwise provided in Tax Law article 28 *(see,* Tax Law § 1105 [a]). A retail sale is defined in Tax Law § 1101 (b) (4), which specifically provides for the exclusion of a sale for resale. The Department's regulations, in explaining this resale exclusion, state: "Where a person, in the course of his business operations, purchases tangible personal property or services which he intends to sell, either in the form in which purchased, or as a component part of other property or services, the property or services which he has purchased will be considered as purchased for resale, and therefore not subject to tax until he has transferred the property to his customer" (20 NYCRR 526.6 [c] [1]). Sale and resale are not discreet concepts and thus "a purchaser who acquires an item for the purpose of sale * * * purchases it for resale within the meaning of the statute" *(Matter of Albany Calcium Light Co. v State Tax Commn.,* 44 NY2d 986, 987).

Here, petitioner is in the business of providing catered services, primarily for wedding receptions. A representative of petitioner meets with the customer before the scheduled event to discuss the customer's detailed desires, including table floral arrangements. It is the customer's choice whether to have flowers at the event. If the customer chooses not to have flowers, a credit is provided on the per person cost. If flowers are desired, a customer can deal directly with a florist of his choosing or he can purchase them through petitioner.

A customer who deals directly with a florist receives a credit on petitioner's per person cost for the catered event. In such a case the customer pays sales tax on the purchase directly to the florist. The consummation of such a sale clearly occurs, at the latest, upon the delivery of the flowers to the catered event, even though petitioner's representatives might place the flowers in appropriate places. If a customer chooses to order flowers through petitioner, the cost is covered in the per person charge. The flowers are then purchased from a supplier and later delivered to the site of the event. Petitioner provides the supplier with a resale certificate so that sales tax is not assessed on this initial sale. Petitioner charges a sales tax on its entire bill to its customer for the services and property provided *(see,* Tax Law § 1105 [b]). A portion of this tax is on the charge for flowers. There is nothing in the nature of this transaction which distinguishes it from the case where a customer deals directly with a florist so as to lead to the conclusion that the sale of flowers to the customer occurred at some time other than upon delivery to the site of

the event. Indeed, petitioner indicated at the hearing that if for some reason a customer wanted to, he could take the flowers from the premises prior to the catered event.

Respondent contends that the flowers were a service performed by petitioner and not a resale. We disagree. The undisputed evidence conclusively establishes that the only service performed by petitioner in regard to flowers was to make the arrangements with the florist and to place the flowers on the tables in their appropriate positions. It was also undisputed that the customer was granted every right of ownership and directed the disposition of the flowers following the reception. Respondent's decision was not supported by substantial evidence. Accordingly, petitioner's purchase of flowers from suppliers for resale to its customers should have been excluded from sales tax.

Determination annulled, and petition granted, with costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.