In the Matter of GOLUB SERVICE STATION, INC., Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.

Third Department, July 16, 1992

**APPEARANCES OF COUNSEL**

*Herzog, Engstrom & Koplovitz (James M. Reilly* and *Frederick B. Galt* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Julie S. Mereson* and *Peter G. Crary* of counsel), for Commissioner of Taxation and Finance of the State of New York, respondent.

**OPINION OF THE COURT**

CASEY, J.

During the relevant time period at issue, petitioner, a registered distributor of motor fuel pursuant to Tax Law article 12-A, purchased motor fuel in New York from Jolana Enterprises, Inc. and Darel Energy Distributors, Inc. (hereinafter Jolana and Darel, respectively). A tax audit determined that petitioner owed motor fuel taxes on its subsequent sales

of the fuel purchased from Jolana and Darel because neither Jolana nor Darel was a registered distributor and they had not paid motor fuel taxes on the sales to petitioner, so that petitioner was not entitled to the credit provided by Tax Law former § 287. Petitioner filed a petition for revision of the determination and, after a hearing, an Administrative Law Judge (hereinafter ALJ) determined that petitioner had not met its burden of showing its entitlement to a tax credit. Respondent Tax Appeals Tribunal affirmed the ALJ's determination, resulting in this CPLR article 78 proceeding by petitioner.

At the relevant time period at issue, Tax Law former § 287 (1) provided that "where a distributor has purchased motor fuel * * * upon which the taxes imposed by this article have been or are required to be paid by another distributor, a credit shall be allowed for the amount of such taxes". A distributor is defined as "any person, firm, association or corporation, who or which imports or causes to be imported into the state, for use, distribution, storage or sale within the state, any motor fuel * * * or which produces, refines, manufactures or compounds motor fuel within the state" (Tax Law § 282 [1], now § 282 [1] [a]). Petitioner contends that because the motor fuel at issue was already in New York when petitioner purchased it, there must necessarily have been "another distributor" which imported the motor fuel and is required to pay the motor fuel taxes, so that petitioner is entitled to the statutory credit.

Respondent Commissioner of Taxation and Finance (hereinafter respondent) concedes that a literal reading of Tax Law former § 287 supports petitioner's claim, but he contends that a literal reading of the statute would frustrate the purpose of the statutory credit, which is to avoid multiple taxation. According to respondent's interpretation of Tax Law former § 287, petitioner is required to show that in the absence of the credit multiple taxation would result, and to meet this burden petitioner "must point the department to the person or entity from which it can collect the tax, or prove that the department already received the tax once and is not entitled to collect it a second time".

■ Assuming that petitioner is correct in its argument that the statutory language is clear and unambiguous, the "[a]bsence of facial ambiguity is * * * rarely, if ever, conclusive" *(New York State Bankers Assn. v Albright,* 38 NY2d 430, 436; *accord, Zappone v Home Ins. Co.,* 55 NY2d 131, 137). We are of

the view that respondent's construction of the statute is consistent with the legislative intent of the statutory scheme and should be sustained because it is neither irrational nor unreasonable *(compare, Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 62 NY2d 539, 545, *with Matter of Moran Towing & Transp. Co. v New York State Tax Commn.,* 72 NY2d 166, 173).

A tax credit is "a particularized species of exemption from taxation" *(Matter of Grace v New York State Tax Commn.,* 37 NY2d 193, 197) and, therefore, petitioner bore the burden of showing "a clearcut entitlement" to the statutory benefit *(Matter of Luther Forest Corp. v McGuiness,* 164 AD2d 629, 632). Although petitioner established that a portion of the purchase price paid to Jolana and Darel for the motor fuel at issue reflected the motor fuel tax, petitioner does not claim that the Department of Taxation and Finance actually received the tax. As previously noted, neither Jolana nor Darel was registered as a distributor *(see,* Tax Law § 283) and they did not file returns *(see,* Tax Law § 286). Nor did petitioner identify any person or entity in the chain of distribution of the motor fuel at issue other than Jolana or Darel. Based upon their failure to register as distributors and in the absence of any evidence in the record that either Jolana or Darel met the statutory definition of a distributor, the ALJ concluded that petitioner had failed to meet its burden of identifying "another distributor" who is liable for the motor fuel tax.

■ In its analysis of the proceeding, the Tax Appeals Tribunal stated that entitlement to the tax credit provided for in Tax Law former § 287 "could be shown by one of two alternatives, i.e., that the tax was paid, or that there was a registered distributor required to pay the tax in the chain of title". This statement is clearly erroneous insofar as it suggests that petitioner would not have been entitled to the tax credit if it had shown that although Jolana and Darel were not registered, they were distributors within the meaning of Tax Law § 282 (1) because they imported motor fuel into New York for use, sale or distribution in New York. Tax Law former § 287 says nothing about *registered* distributors. It requires only that there be "another distributor" liable for the motor fuel tax, and a party which meets the statutory definition of a distributor is liable for the motor fuel tax regardless of whether it is registered *(see, Matter of Mira Oil Co. v Chu,* 114 AD2d 619, *appeal dismissed* 67 NY2d 756, *lv denied* 68

NY2d 602). We conclude, however, that the error does not require us to annul the final determination. The Tribunal adopted all of the factual findings of the ALJ and specifically stated that "[w]e uphold the determination of the [ALJ]".

The ALJ had concluded as follows: "Were Jolana and Darel registered distributors of motor fuel, [petitioner] would only have been required to submit invoices separately stating the net price of the motor fuel purchased and the tax collected by Jolana and Darel in order to qualify for the section 287 credit * * * Having purchased from unregistered sellers, [petitioner] assumed the burden of proving that Jolana and Darel were distributors of motor fuel within the meaning of [Tax Law § 282 (1)]. Neither [petitioner] nor the Division presented evidence of the source of the motor fuel sold to [petitioner] by Jolana or Darel. Absent such evidence, it is not possible to make a finding that either Jolana or Darel was such a distributor. The mere fact that each sold motor fuel to [petitioner] does not in itself establish that either was a firm which *imports or causes to be imported into the state* for use, distribution or sale within the state, any motor fuel' * * * Accordingly, [petitioner] has not carried its burden to show that it qualified for the credit provided under Tax Law [former] § 287" (emphasis in original). The findings and conclusions of the ALJ, as affirmed by the Tribunal's final determination, are supported by substantial evidence in the record and are neither irrational nor arbitrary and capricious.

■ Petitioner contends that the determination should be annulled, or at least it should be entitled to a new hearing, because it was frustrated in its efforts to prove that Jolana and Darel were distributors. Prior to the hearing, petitioner filed a Freedom of Information Law request *(see,* Public Officers Law art 6) seeking respondent's records relating to Jolana and Darel. Respondent denied the request, stating, *inter alia,* that "much of the information requested is related to criminal investigations". Petitioner failed to appeal the denial of this request *(see,* Public Officers Law § 89 [4] [a], [b]) and cannot collaterally challenge the basis of the denial in this proceeding.

Petitioner's predicament was largely of its own making. As petitioner points out, the Tax Law makes it unlawful for one not registered as a distributor to sell motor fuel in New York *(see,* Tax Law § 283 [1]), but there is no prohibition against purchasing motor fuel from an unregistered seller. Nevertheless, had petitioner purchased the motor fuel from a registered

distributor it could easily have met its burden of showing entitlement to the tax credit. Having elected to purchase the fuel from unregistered entities, petitioner exposed itself to the risk that it might not be able to meet its burden because of the unavailability of the necessary records. We see nothing in respondent's conduct regarding the records of Jolana and Darel which affects the validity of the Tribunal's final determination.

WEISS, P. J., MERCURE and MAHONEY, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.