■ In the Matter of WE CARE TRANSPORTATION, INC., Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [749 NYS2d 299] —Cardona, P.J. Proceeding pursuant to CPLR article 78 (initiated in this Court

pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained, inter alia, a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner maintains a fleet of 59 omnibuses and operates under a certificate of public convenience and necessity issued by the Department of Transportation as a common carrier of passengers with disabilities. Forty-five of the vehicles are shortened yellow buses specifically tailored for the transportation of children with disabilities and are used principally in connection with a special transportation contract with Erie County. When the buses are not used to transport children pursuant to that contract, they are used to transport children under contracts with various other public and private service providers. The remaining 14 buses operate under a contract with the Niagara Frontier Transit Metro System, Inc. (hereinafter Metro), and are used to transport disabled persons to and from medical appointments and adult day care. They provide curb-to-curb service for eligible passengers at scheduled times on a fixed route identified by Metro and are also used to perform other contracts, such as those with Medicaid providers.

In April 1997, petitioner filed a petition with the Department of Taxation and Finance (hereinafter Department) requesting a determination that its operations come within the definition of an omnibus carrier engaged in "local transit service" as the term is defined in 20 NYCRR 534.4* and, therefore, eligible for a refund of motor fuel tax, petroleum business tax and sales tax pursuant to Tax Law § 289-c (3) (d), § 301-c (c) and § 1119 (b). In December 1997, the Department issued an advisory opinion which concluded that petitioner's 45 buses operating under the special transportation contract did not operate as a local transit service. As such, the Department found that petitioner was entitled only to a partial refund based on the motor fuel tax paid for transporting school children pur-

---

* Pursuant to 20 NYCRR 534.4 (a) (3), the definition of "local transit service" is:

"a mass transit service (as distinguished from a charter, contract, school bus, sight-seeing or other service) provided by an omnibus carrier in which passengers are carried by omnibuses from one point in this State to another point in this State and in performance of which the omnibuses either:

(i) regularly pick up or discharge passengers at their convenience or at bus stops on the street or highway, as distinguished from buildings or facilities used for bus terminals or stations; or

(ii) pick up and discharge passengers at bus terminals or stations, the distance between which is not more than 75 miles, measured along the route traveled by the bus."

suant to the Education Law. The Department opined that the remaining larger buses did operate as a local transit service and were, therefore, eligible for sales tax refunds pursuant to the Metro contract.

Following the issuance of the advisory opinion, petitioner filed three separate claims for refunds, including the one at issue herein, in the amount of $144,786.08 for sales tax paid on the purchase, between December 1, 1993 and May 31, 1997, of an omnibus, omnibus parts, equipment, lubricants and others supplies and services not including motor or diesel fuel. Following a hearing before an administrative law judge (hereinafter ALJ), and prior to the issuance of the ALJ's decision, the Department issued a supplemental decision in January 1999. Regarding petitioner's $144,786.08 sales tax claim, the Department conceded that the 14 larger buses were used in local transit service after the date the Metro contract went into effect, i.e., March 31, 1997, and, as a result, petitioner was entitled to a refund of a portion of the qualifying purchases. The Department, inter alia, modified its earlier denial by allowing a partial refund of $400.92 which, using the formula in 20 NYCRR 534.4, represented a portion of sales tax paid for the applicable period. Thereafter, the ALJ issued a decision comporting with the Department's supplemental decision. Petitioner filed an exception with respondent Tax Appeals Tribunal (hereinafter the Tribunal), which was denied and, with minor modifications, the Tribunal affirmed the ALJ's determination, prompting the commencement of this proceeding.

We confirm. Petitioner is not entitled to more than the partial refund granted by the Tribunal inasmuch as it failed to establish that it provided local transit services other than pursuant to the Metro contract. Statutes creating tax exemptions or credits are construed against the taxpayer (*see Matter of Federal Deposit Ins. Corp. v Commissioner of Taxation & Fin.,* 83 NY2d 44, 49). A taxpayer not only has the burden of establishing his or her entitlement to such credit or exemption (*see Matter of Golub Serv. Sta. v Tax Appeals Trib. of State of N.Y.,* 181 AD2d 216, 219), but must also demonstrate " 'that its interpretation of the statute is * * * the only reasonable construction' " (*Matter of Federal Deposit Ins. Corp. v Commissioner of Taxation & Fin., supra* at 49, quoting *Matter of Moran Towing & Transp. Co. v New York State Tax Commn.,* 72 NY2d 166, 173; *see Matter of Blue Spruce Farms v New York State Tax Commn.,* 99 AD2d 867, *affd* 64 NY2d 682).

Here, the services provided by petitioner pursuant to its contracts, other than the Metro contract, do not constitute a lo-

cal transit service as defined by 20 NYCRR 534.4 (a) (3). Petitioner's services include transporting disabled persons to the service providers and back home. Passengers are transported at the request of the service providers and are not picked up and dropped off at the passengers' convenience. Petitioner's service under these contracts is provided only to customers of the service providers. Not all disabled persons in a geographical area are eligible for petitioner's service. With respect to the Metro contract, however, eligible riders are determined by Metro in accordance with the guidelines of the Americans with Disabilities Act (42 USC § 12101 *et seq.*) (hereinafter ADA). Fares charged by petitioner for these services are governed by ADA regulations and are in direct relation to fares for fixed route service. Eligible passengers make their own request for transportation services directly to petitioner's reservation service. Petitioner's omnibuses run along a fixed route and all eligible disabled persons along the route qualify for service and are taken to stops along the established route. As such, petitioner's service, pursuant to the Metro contract, satisfies the passenger convenience requirement of 20 NYCRR 534.4 (a) (3).

Notably, while petitioner challenges, inter alia, the definition of local transit service contained in 20 NYCRR 534.4 (a) (3), the regulation was promulgated with the Legislature's express authorization to respondent Commissioner of Taxation and Finance (hereinafter the Commissioner) to define such terms as "local transit service" (*see* Tax Law § 1119 [b]). When the defining power is vested in the taxing authority by statute, deference is normally given to the Commissioner's interpretation (*see Matter of 1230 Park Assoc. v Commissioner of Taxation & Fin. of State of N.Y.*, 170 AD2d 842, 844, *lv denied* 78 NY2d 859). Inasmuch as the Commissioner's interpretation herein was rational and consistent with the purpose of the statute, it must be upheld (*see Matter of Unimax Corp. v Tax Appeals Trib. of State of N.Y.*, 79 NY2d 139, 144).

Petitioner's remaining arguments have been examined and found to be unpersuasive.

Peters, Spain, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.