In the Matter of BROOKLYN NAVY YARD COGENERATION PARTNERS, L.P., Petitioner, v TAX APPEALS TRIBUNAL OF STATE OF NEW YORK et al., Respondents. [848 NYS2d 747]—

Rose, J. Proceeding pursuant to CPLR article 78 (initiated in

this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a natural gas import tax assessment imposed under Tax Law former § 189 (6).

Petitioner imported natural gas used by it to generate steam and electricity at its cogeneration facility. It then sold the steam and electricity to a thermal energy host. Because the host was a public utility, it in turn resold that steam and electricity to its own customers. Tax Law former § 189 (6) provided an exemption from the tax imposed by Tax Law former § 189 (2) on natural gas imported by a cogeneration facility, such as petitioner, and "used to generate electricity and/or steam produced by such facility when such electricity or steam [was] supplied *and used by* a thermal energy host located at or near the project site" (emphasis added). Respondent Tax Appeals Tribunal (hereinafter respondent) determined that petitioner was not exempt from taxation on the natural gas it imported because the utility, although qualifying as "a thermal energy host located at or near the project site," had not used the steam and electricity within the meaning of Tax Law former § 189 (6). Petitioner contends that respondent misinterpreted the statute's words "and used by" when it concluded that they do not include a resale of the electricity and steam to the host's customers.

To prevail over respondent's construction of the statute, petitioner must demonstrate that respondent's reading is irrational and its own is the only reasonable construction (*see Matter of Federal Deposit Ins. Corp. v Commissioner of Taxation & Fin.*, 83 NY2d 44, 49 [1993]). Petitioner has not satisfied this burden. Rather, we are persuaded that respondent's interpretation is reasonable because it is consistent with the plain meaning of the words "and used by" (*see Matter of 1605 Book Ctr. v Tax Appeals Trib. of State of N.Y.*, 83 NY2d 240, 244 [1994], *cert denied* 513 US 811 [1994]). Giving "used" its "usual and commonly understood meaning" in the context of the phrase "and used by" (McKinney's Cons Law of NY, Book 1, Statutes § 232), it may be read to mean "employed for a purpose; utilized," "put into service" or "to expend or consume in use" (Random House Webster's Unabridged Dictionary 2097 [2d ed 2001]). Since the resale of electricity and steam here does not expend or consume the energy they contain, but only passes it along for a fee for use by others, it was reasonable to view the resold energy as not having been "used." In addition, we find nothing in the statute or its legislative history suggesting that "used" was intended to include a resale. As petitioner has not shown respondent's reading to be irrational or inconsistent with the statute, it must be

confirmed (*see Matter of Siemens Corp. v Tax Appeals Trib.*, 89 NY2d 1020, 1022 [1997]; *Dental Socy. of State of N.Y. v New York State Tax Commn.*, 110 AD2d 988, 991 [1985], *affd* 66 NY2d 939 [1985]).

Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.