■ In the Matter of 21 CLUB, INC., Petitioner, v TAX APPEALS TRIBUNAL OF STATE OF NEW YORK et al., Respondents. [892 NYS2d 659]—

Malone Jr., J.

Petitioner is a restaurant and catering business that offered the use of audiovisual equipment to its catering customers. The equipment that petitioner offered to its customers was rented by petitioner from a company named Presentation Services pursuant to a written agreement. Petitioner did not pay sales tax on its rental of the equipment from Presentation Services; instead, it billed its catering customers for the total cost of the event—including audiovisual equipment rental—collected sales tax on the amount billed and remitted the sales tax to the state.

After an audit, as is relevant here, the Division of Taxation issued petitioner a notice of determination for a total amount of $172,520.04, which included taxes, penalties and interest for the period of June 1999 through November 2002. After a conciliation conference, this amount was reduced to $72,053.66, plus interest, representing taxes assessed on petitioner's rental of audiovisual equipment. Petitioner then sought a redetermination, arguing that its equipment rentals were exempt from sales tax as they qualified as sales for resale as such within the mean-

ing of the Tax Law (*see* Tax Law § 1101 [b] [4]).* After a hearing, an administrative law judge affirmed the assessment. Petitioner filed a notice of exception to respondent Tax Appeals Tribunal, which, after a hearing, also sustained the assessment. Petitioner then commenced this proceeding seeking review of the Tribunal's determination.

"[E]xemptions from tax are strictly construed against the taxpayer, who bears the burden of demonstrating entitlement to such an exemption" (*Matter of Upstate Farms Coop. v Tax Appeals Trib. of State of N.Y.*, 290 AD2d 896, 897-898 [2002]). The Tribunal's determination will not be disturbed if it is rationally based and is supported by substantial evidence in the record, even if a different result could have been reached (*see Matter of CBS Corp. v Tax Appeals Trib. of State of N.Y.*, 56 AD3d 908, 909 [2008], *lv denied* 12 NY3d 703 [2009]; *Matter of Rubin v Tax Appeals Trib. of State of N.Y.*, 29 AD3d 1089, 1090 [2006]). Further, because the issue presented here—whether petitioner's equipment rentals were taxable as part of its catering business or were nontaxable as rentals for rerental—is not one of pure statutory interpretation, the Tribunal's expertise in the application of the Tax Law is entitled to deference (*see Matter of Astoria Fin. Corp. v Tax Appeals Trib. of State of N.Y.*, 63 AD3d 1316, 1318 [2009]).

The record here reveals that petitioner rented the equipment from Presentation Services and made such equipment available to its catering customers for use on petitioner's premises. The catering customers were not billed separately for the use of the equipment but, rather, the cost was included as part of the overall catering contract. Petitioner's customers were permitted to remove the equipment from the premises only if the customers negotiated for such removal directly with Presentation Services. Notably, petitioner did not rent audiovisual equipment to anyone other than its catering customers and offered the use of such equipment only in conjunction with catering services. As such, petitioner's rerental of the equipment "is purely incidental to the primary purpose of the business" and, thus, is not a rental for rerental as such (*Matter of Custom Mgt. Corp. v New York State Tax Commn.*, 148 AD2d 919, 920 [1989]; *see* 20 NYCRR 527.8 [f] [2] [i]). Accordingly, the Tribunal's determination that petitioner's rentals of the equipment from Presentation Services were taxable transactions has a rational basis in the record and will not be disturbed.

---

\* Pursuant to the Tax Law, rentals are treated in the same manner as sales. Thus, as with sales for resale, rentals for rerental are not taxable transactions (*see* Tax Law § 1101 [b] [4], [5]).

We are not persuaded by petitioner's contention that the equipment rentals at issue are analogous to a caterer's purchase of flowers, which is typically considered to be a purchase for resale (*see* 20 NYCRR 527.8 [f] [2] [v]; *Matter of Levine v State Tax Commn.*, 144 AD2d 209, 211 [1988]). Petitioner's remaining contentions are raised for the first time in this proceeding and, thus, are not preserved for this Court's review (*see Matter of XO N.Y., Inc. v Commissioner of Taxation & Fin.*, 51 AD3d 1154, 1155 [2008]).

Rose, J.P., Lahtinen and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.