(August 16, 2012)

■ In the Matter of UNITED PARCEL SERVICE, INC., Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [949 NYS2d 826]—

Stein, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which denied petitioner's application for a sales and use tax refund.

Petitioner is a common carrier, organized under the laws of New York, engaged in the business of transporting property. After an audit of petitioner by the Division of Taxation (hereinafter the Division), petitioner filed a claim for a refund in the amount of $3,138,786 for sales and use tax paid during the audit period in connection with the purchase of shipping supplies and other materials provided free of charge to its customers which, petitioner asserted, were promotional materials exempt from tax pursuant to Tax Law § 1115 (n) (4). The Division partially granted the refund to the extent of $35,333 for tax paid on items such as "guides, calendars, brochures, rate charts, zone charts, [and] other printed matter," and denied the claim as to the remaining $3,103,453.[1] A conciliation conference resulted in an order sustaining the Division's determination.

Petitioner thereafter filed a petition for redetermination with the Division of Tax Appeals, with a revised claim for a refund in

---

1. The items for which the exemption was denied included envelopes, paks, boxes, forms, labels, software, stickers and pouches.

the amount of $2,710,051.[2] Following a hearing before an Administrative Law Judge (hereinafter ALJ), at which, among other things, examples of the materials at issue were introduced as evidence, the ALJ granted the petition, prompting the Division to file a notice of exception to the determination with respondent Tax Appeals Tribunal. The Tribunal reversed the ALJ's decision, determining that the supplies did not qualify as promotional materials within the definition set forth in Tax Law § 1101 (b) (12).[3] Petitioner thereafter commenced this proceeding pursuant to CPLR article 78, seeking a declaration that the customer supplies at issue are promotional materials and an order granting its petition for a refund.

Pursuant to Tax Law § 1115 (n) (4), printed promotional materials that are sent to customers or prospective customers by means of a common carrier, without charge to the customer, are exempt from sales and use tax.[4] As relevant here, promotional materials consist of advertising literature and "other related tangible personal property" including, among other enumerated items, free gifts (Tax Law § 1101 [b] [12]). Because petitioner does not contend that the supplies at issue are themselves advertising literature, the question before us is whether they constitute "related tangible personal property" for purposes of the statute. We are of the view that they do so qualify and, therefore, that petitioner is entitled to the exemption set forth in Tax Law § 1115 (n) (4).

In matters of statutory interpretation, our "primary consideration is to ascertain and give effect to the intention of the Legislature" (*Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006] [internal quotation marks and citation omitted]; *accord Yatauro v Mangano*, 17 NY3d 420, 426 [2011]). To this end, the statutory text provides the clearest indication of legislative intent, and should be construed "to give effect to its plain meaning" (*Matter of DaimlerChrysler Corp. v Spitzer*, 7

---

**2.** Petitioner asserts that it revised the refund claim by eliminating items with poor descriptions, items yielding a refund of less than $1,000 and items that were not printed, "for the sake of ease and time" in identifying and categorizing the materials at issue.

**3.** With respect to the software compact discs, the Tribunal determined that the evidence—consisting of photographs of the discs, rather than the physical discs themselves—was insufficient to prove the contents thereof. Inasmuch as petitioner did not raise this particular issue in its brief, we deem it to be abandoned (*see Matter of New York State Defenders Assn. v New York State Police*, 87 AD3d 193, 194 n 1 [2011]). As such, the Tribunal's determination in this regard will be confirmed.

**4.** Petitioner and the Division stipulated that the materials at issue here were purchased by petitioner (a common carrier) and shipped to customers, without charge.

NY3d at 660; *accord Matter of Lewis Family Farm, Inc. v New York State Adirondack Park Agency*, 64 AD3d 1009, 1013 [2009]). Generally, tax statutes authorizing exemptions are strictly construed against the taxpayer, who bears the burden of demonstrating unambiguous entitlement to such exemption (*see Matter of Karlsberg v Tax Appeals Trib. of the State of N.Y.*, 85 AD3d 1347, 1348-1349 [2011], *appeal dismissed* 17 NY3d 900 [2011]; *Matter of 21 Club, Inc. v Tax Appeals Trib. of State of N.Y.*, 69 AD3d 996, 997 [2010]); however, the " 'interpretation should not be so narrow and literal as to defeat [the provision's] settled purpose' " (*Matter of Gordon v Town of Esopus*, 15 NY3d 84, 90 [2010], quoting *People ex rel. Watchtower Bible & Tract Socy. v Haring*, 8 NY2d 350, 358 [1960]; *accord Matter of XO N.Y., Inc. v Commissioner of Taxation & Fin.*, 51 AD3d 1154, 1155 [2008]). Where, as here, the question " 'is one of specific application of a broad statutory term' " (*Matter of County of Albany v Hudson Riv.-Black Riv. Regulating Dist.*, 97 AD3d 61, 67 [2012], quoting *Matter of O'Brien v Spitzer*, 7 NY3d 239, 242 [2006]; *accord Matter of Island Waste Servs., Ltd. v Tax Appeals Trib. of the State of N.Y.*, 77 AD3d 1080, 1082 [2010], *lv denied* 16 NY3d 712 [2011]), our review of the Tribunal's determination is limited to whether it was irrational or clearly erroneous in light of the record evidence (*see Matter of 21 Club, Inc. v Tax Appeals Trib. of State of N.Y.*, 69 AD3d at 997; *see generally Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d at 660; *Matter of Emigrant Bancorp, Inc. v Commissioner of Taxation & Fin.*, 59 AD3d 30, 33 [2008]).

Initially, we agree with the Tribunal's determination that "related tangible personal property" refers to materials that are distributed for advertising purposes. However, we reject the contention of respondent Commissioner of Taxation and Finance that the customer supplies at issue do not qualify as promotional materials because they are neither advertising literature nor related thereto. We have previously defined advertisements as " 'the action of making generally known; a calling to the attention of the public' " (*Matter of Scotsmen Press v State of N.Y. Tax Appeals Trib.*, 165 AD2d 630, 633 [1991], quoting Random House Dictionary of the English Language 29 [2d ed, unabridged 1987]). With this definition in mind, we are persuaded that the supplies at issue here satisfy the ordinary meaning of "promotional materials" because they were designed and distributed for the purpose of promoting petitioner's business and contain a clear promotional message.

At the hearing before the ALJ, two of petitioner's employees—its decentralized tax coordinator and the manager of its

brand management and communications department—testified regarding petitioner's reasons for creating and distributing the supplies at issue. The testimony demonstrates that petitioner is a well-known longstanding competitor in the ground delivery service market. More recently, petitioner entered the overnight air delivery market and implemented certain marketing strategies to promote awareness of its "brand" and services in order to gain recognition and increase its share of that market relative to competitors. To that end, the supplies at issue were designed for use in air delivery of packages with various themes specifically related to petitioner's overnight air delivery services, as well as corporate sponsorships.[5]

By promoting its air delivery services on the actual shipping materials provided to customers free of charge, petitioner believed that its promotional message would reach a wider audience—initially, petitioner's customers who ordered and used the supplies for shipping and, subsequently, the recipients of the items shipped, who may or may not be its customers, as well as other persons involved in the chain of delivery—and would foster goodwill. Petitioner provided the shipping supplies as part of a welcome kit to all new customers, which also included a rate and service guide and a booklet explaining available services. Customers could request additional materials through petitioner's website or by calling a toll-free telephone number. Significantly, customers were not required to utilize the supplies provided in order to use petitioner's services; conversely, the shipping supplies could even be used in conjunction with a competitor's services.

In our view, the Tribunal's determination that the materials in question were merely branded with petitioner's logo and did not constitute a solicitation is inconsistent with the plain meaning of the statute, and its interpretation of Tax Law § 1101 (b) (12) was "so narrow and literal as to defeat [the provision's] settled purpose" (*Matter of Gordon v Town of Esopus*, 15 NY3d at 90 [internal quotation marks and citation omitted]).[6] The materials were not merely printed with petitioner's name or trademark; they were purposefully designed to draw attention to specific aspects of petitioner's business, primarily its air

---

**5.** For example, one-day air envelopes were designed in red in order to convey urgency, and a diagonal line was used to demonstrate air and lift. Other items carried designs illustrating petitioner's sponsorship of NASCAR and the Olympics. In addition, each item bears petitioner's logo.

**6.** The purpose of the promotional materials exemption was "to enhance the competitive position of New York printers, mailers and related vendors as compared to their out-of-state competitors" (Letter from Commr of Taxation & Fin, July 15, 1996, at 3, Bill Jacket, L 1996, ch 309).

delivery services and, thus, are promotional in that they "publicize or advertise a product [or] institution" (Dictionary.com, http://www.dictionary.reference.com [accessed June 15, 2012]; *see Matter of Scotsmen Press v State of N.Y. Tax Appeals Trib.*, 165 AD2d at 633). As noted by the Tribunal, "[t]he statutory language suggests an intent to create an inclusive category that is based not on the form of a distributed item, but rather on its relationship to advertising." We discern no meaningful difference between the supplies at issue here and those specifically identified in the statute,[7] as they do not contain an explicit "solicitation for patronage" (*Beverley v Choices Women's Med. Ctr.*, 78 NY2d 745, 751 [1991]), but imply such a solicitation through their association with the entity distributing them. Accordingly, we conclude that the supplies at issue are entitled to a sales and use tax exemption pursuant to Tax Law § 1115 (n).

We are also of the view that petitioner's shipping supplies qualify as tax exempt promotional materials under the category of free gifts. The Tribunal's determination that there was "distinct mutual consideration" for the items is simply not supported by the record, as it is undisputed that customers were under no obligation to use petitioner's services or to use the supplies when shipping with petitioner. Nor were customers prevented from using the supplies to ship items through other common carriers.[8] The items here fit within the ordinary, everyday meaning of "free gifts," as "a voluntary transfer of property without consideration or compensation" (*Batease v Batease*, 71 AD3d 1344, 1346 [2010] [internal quotation marks and citations omitted]; *see* Black's Law Dictionary 757 [9th ed 2009]). It would be illogical to eliminate an item from the category of promotional "free gifts" because the donor realistically expects

---

7. Tax Law § 1101 provides examples of what qualifies as "other related tangible personal property" including, among other things, "complimentary maps . . . , applications, order forms and return envelopes with respect to such advertising literature, annual reports, [and] prospectuses" (Tax Law § 1101 [b] [12]). Other items which have been accepted as "promotional materials" for purposes of Tax Law § 1115 (n) (4) include telephone directories (*see Matter of Yellow Book of N.Y., Inc.*, DTA No. 820527, 2008 WL 5322434, 2008 NY Tax LEXIS 215 [2008], *confirmed sub nom. Matter of Yellow Book of N.Y., Inc. v Commissioner of Taxation & Fin.*, 75 AD3d 931 [2010], *lv denied* 16 NY3d 704 [2011]), inter-aortic balloon pumps and catheters (*see Matter of Arrow Intl., Inc.*, DTA No. 818934, 2004 WL 1434848, 2004 NY Tax LEXIS 140 [2004]), golf balls (*see* Expanded Sales and Compensating Use Tax Exemption for Promotional Materials, TSB-M-97-6[S], Example 7 [Aug. 20, 1997]) and Triptiks (*see* NY St Dept of Taxation & Fin Advisory Op No. TSB-A-98[28]S).

8. In our view, the fact that new or existing customers—many of whom petitioner believed to be ground delivery customers only—were the recipients of the items is immaterial.

that the gift will generate increased sales; indeed, that is the very purpose of promotional materials. Nor is it logical to expect that the cost of such items will not ultimately be incorporated in the donor's overall fee structure—just as the cost of any other promotional items, such as golf balls, are presumably incorporated in a company's overall cost of doing business.

As such, we conclude that the Tribunal's determination was irrational and clearly erroneous and that petitioner has satisfied its burden of establishing "that its interpretation of the statute is not only plausible, but also that it is the only reasonable construction" (*Matter of Moran Towing & Transp. Co. v New York State Tax Commn.*, 72 NY2d 166, 173 [1988]; *see Matter of Charter Dev. Co., L.L.C. v City of Buffalo*, 6 NY3d 578, 582 [2006]). The fact that this construction may, as the dissent notes, result in substantial economic benefits to the beneficiaries thereof, such as petitioner, does not require us to defer to the Tribunal where, as here, doing so would invade the province of the Legislature in enacting the promotional materials exemption (*see* n 6, *supra*). If the Legislature intended to place the limitations on such exemption imposed by the Tribunal here, it could have done so.

The parties' remaining contentions have been considered and are either academic or without merit.

Mercure, J.P. and Egan Jr., J., concur.

McCarthy, J. (concurring). I agree partially with the majority and partially with the dissent, requiring me to concur with the majority's outcome. The majority annuls the determination of respondent Tax Appeals Tribunal and finds that petitioner was entitled to the claimed tax exemption because the items at issue could be classified as promotional materials in two ways: as "other related tangible personal property" in general, and under the enumerated category of "free gifts" (Tax Law § 1101 [b] [12]). The dissent concludes that petitioner did not meet its burden on the general or free gifts aspect. As long as the items qualify under either aspect of the exemption, petitioner prevails and the determination must be annulled.

I agree with the dissent that petitioner did not meet its burden of showing that its interpretation of the phrase "other related tangible personal property" was the only possible rational interpretation that could be applied to the disputed items. On the other hand, I agree with the majority that the aspect of the Tribunal's determination finding that the disputed items were not free gifts is irrational. Because I agree with the majority on that aspect, and petitioner is entitled to the exemption if the items qualify as promotional materials under any

portion of the definition of that term, I concur that the Tribunal's determination, as challenged, must be annulled.

Kavanagh, J. (dissenting). Respondent Tax Appeals Tribunal's determination that certain supplies used by petitioner in its air freight business are not exempt from the state's sales and use tax is rationally based and, in my opinion, should in all respects be confirmed (*see* Tax Law §§ 1115 [n] [4]; 1101 [b] [12]).

The burden imposed upon a taxpayer challenging a determination by the Tribunal denying it a tax exemption is significant and requires the taxpayer to prove " 'a clearcut entitlement' " to the exemption (*Matter of Golub Serv. Sta. v Tax Appeals Trib. of State of N.Y.*, 181 AD2d 216, 219 [1992], quoting *Matter of Luther Forest Corp. v McGuiness*, 164 AD2d 629, 632 [1991]). Also, to prevail, the taxpayer must not only show that it is clearly and unambiguously entitled to the exemption (*see Matter of Federal Deposit Ins. Corp. v Commissioner of Taxation & Fin.*, 83 NY2d 44, 49 [1993]; *Matter of Golub Serv. Sta. v Tax Appeals Trib. of State of N.Y.*, 181 AD2d at 219; *Matter of Old Nut Co. v New York State Tax Commn.*, 126 AD2d 869, 871 [1987], *lv denied* 69 NY2d 609 [1987]), but also demonstrate that its interpretation of the statute is not only plausible, but, as applied to the attendant circumstances, is the only rational interpretation possible (*see Matter of Astoria Fin. Corp. v Tax Appeals Trib. of State of N.Y.*, 63 AD3d 1316, 1318 [2009]; *Matter of Brooklyn Navy Yard Cogeneration Partners, L.P. v Tax Appeals Trib. of State of N.Y.*, 46 AD3d 1247, 1248 [2007], *lv denied* 10 NY3d 706 [2008]). Given this standard, and the fact that such tax exemptions are strictly construed against a taxpayer (*see Matter of Gordon v Town of Esopus*, 15 NY3d 84, 90 [2010]; *Matter of 21 Club, Inc. v Tax Appeals Trib. of State of N.Y.*, 69 AD3d 996, 997 [2010]; *Matter of CBS Corp. v Tax Appeals Trib. of State of N.Y.*, 56 AD3d 908, 909-910 [2008], *lv denied* 12 NY3d 703 [2009]), it is my view that petitioner has not met its burden. Consequently, the determination of the Tribunal that these shipping supplies are not promotional materials entitled to a tax exemption should be confirmed.

In essence, petitioner claims that certain packaging materials it uses in its air freight business are designed and configured in such a way that they not only serve as shipping supplies but also act to promote that business and, as such, qualify as promotional materials that are tax exempt (*see* Tax Law § 1115 [n] [4]). There is no dispute that the materials at issue are boxes, paks, envelopes, stickers and labels that are used by petitioner to ship items as part of its air freight operation. But petitioner argues that because these materials are labeled with

its logo and in some instances carry other information regarding the shipment, they qualify as "other related tangible personal property" that promotes its air freight service. The Tribunal disagreed, finding that labeling of these packaging materials—and the location of petitioner's logo—did not serve to transform what are clearly shipping supplies into promotional materials that are exempt from taxation under the Tax Law.

In its determination, the Tribunal interpreted the relevant statutes to require that for materials to qualify as "other . . . tangible personal property" (Tax Law § 1101 [b] [12]) related to advertising, they must have been distributed by petitioner "for advertising purposes" and "to educate the public as to the advantages and virtues" of the service they offer for sale in their business (*Selsman v Universal Photo Books*, 18 AD2d 151, 152 [1963]). Here, the markings on these packaging materials were deemed by the Tribunal to function primarily as a means by which petitioner was identified as the entity shipping the items and, as designed, were not a solicitation by petitioner that others employ its services. Its conclusion that the markings on these packaging materials bore a remote and, at best, tangential relationship to advertising—especially since these materials were first and foremost shipping supplies used by petitioner in its air freight operation—is supported by the record and, as such, should be confirmed.

Petitioner also contends that since these packaging materials were provided to customers upon request and without charge, they qualified as gifts that are tax exempt under the statute (*see* Tax Law § 1101 [b] [12]). In response, the Tribunal found that these items were not "free gifts" because they were only provided to current customers who had accounts with petitioner and who had entered into a relationship that supported the conclusion that "customers would use the supplies to purchase petitioner's shipping services." Moreover, petitioner does not claim that the cost of these materials would not be passed on to the customer if and when it employed petitioner's services.

Simply stated, there are sound policy reasons for deferring to the Tribunal in its determination as to whether a taxpayer under a given set of circumstances is entitled to a tax exemption under the Tax Law (*see Matter of American Tel. & Tel. Co. v State Tax Commn.*, 61 NY2d 393, 400 [1984]). That, in my opinion, is especially true where the determination involved necessarily carries with it significant implications that go far beyond what is presented by the application under consider-

ation.* Given this reality, and the rational basis that exists for the Tribunal's determination that the materials in question are shipping supplies used for packaging items to be delivered by petitioner in its air freight business—and not promotional materials—its determination denying the tax exemption should be confirmed.

Adjudged that the determination is modified, without costs, by annulling so much thereof as found that the supplies were not related tangible personal property and, as so modified, confirmed.

---

* Petitioner's refund claim alone totals $2,710,051.17.