■ In the Matter of THE GOLUB CORPORATION, Petitioner, v NEW YORK STATE TAX APPEALS TRIBUNAL et al., Respondents. [984 NYS2d 454]—

Lahtinen, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained the reduction of certain tax credits against a corporate franchise tax imposed under Tax Law article 9-A.

Rotterdam Ventures owns the Rotterdam Industrial Park and leases the entire park to its affiliate, FM Ventures, Inc. Petitioner, a qualified empire zone enterprise (hereinafter QEZE) (see Tax Law § 15 [a]) that operates a supermarket chain, entered into a sublease with FM Ventures regarding 8.22 acres in the industrial park. FM Ventures agreed to construct on such parcel a 152,000 square foot freezer warehouse to be used by petitioner for storage and distribution. As part of the various financial aspects of the project, Rotterdam Ventures' counsel negotiated reportedly on behalf of FM Ventures and petitioner a payment in lieu of taxes (hereinafter PILOT) agreement with the Town of Rotterdam Industrial Development Agency (hereinafter IDA). Significantly, petitioner was not a party to the written PILOT agreement, which was executed by FM Ventures and the IDA in August 2005. Nonetheless, petitioner's amended sublease with FM Ventures obligated it to make the PILOT payments. During the relevant years, petitioner paid the PILOT amounts directly to the pertinent local taxing authorities and thereafter claimed empire zone tax credit against its corporate franchise tax for fiscal years ending in April 2007 and April 2008.

The Division of Taxation disallowed petitioner's claim for a tax credit. Following a hearing, an Administrative Law Judge (hereinafter ALJ) sustained the Division's disallowance. The ALJ determined that, since petitioner was not a party to the

August 2005 PILOT agreement, its separate lease obligation with FM Ventures to make such payments did not constitute "eligible real property taxes" (*see* Tax Law former § 15 [e]) and, hence, it did not qualify under the language of the statute for an empire zone tax credit (*see* Tax Law § 15 [a]). Respondent Tax Appeals Tribunal thereafter upheld the ALJ. This proceeding ensued.

Where, as here, a taxpayer seeks the benefit of a tax credit, the taxpayer bears the burden of establishing that such credit is unambiguously set forth in the statute (*see Matter of Piccolo v New York State Tax Appeals Trib.*, 108 AD3d 107, 112 [2013]; *Matter of We Care Transp. v Tax Appeals Trib. of State of N.Y.*, 298 AD2d 717, 719 [2002]; *see also Matter of Grace v New York State Tax Commn.*, 37 NY2d 193, 196 [1975]). Tax Law § 15 (a) authorizes a tax credit for a taxpayer which is a QEZE, such as petitioner, for "eligible real property taxes." A detailed definition of eligible real property taxes is set forth in Tax Law § 15 (e), and such definition has been amended several times by the Legislature since the Empire Zones Program was created in 2000 (*see* L 2010, ch 57, § 1, part R, § 13; L 2005, ch 161, § 41; L 2002, ch 85, § 1, part CC, § 12).

For the tax years in dispute, Tax Law former § 15 (e) set forth three types of payments that constituted eligible real property taxes for purposes of an empire zone credit. Two involved payment of taxes; first, by a QEZE that owned the real property and, second, a QEZE that was a lessee of real property. The third applied to petitioner's situation since it addressed PILOT payments by a QEZE. It provided in relevant part: "In addition, the term 'eligible real property taxes' includes [PILOTs] made by the QEZE to the state, a municipal corporation or a public benefit corporation pursuant to *a written agreement entered into between the QEZE and the state, municipal corporation, or public benefit corporation*" (Tax Law former § 15 [e] [emphasis added]).

The pertinent language affirmatively requires in clear terms that, to qualify for the credit under such provision, the PILOT payments must be made pursuant to a written agreement between the QEZE and the appropriate entity. Here, FM Ventures had entered into the August 2005 PILOT agreement with the IDA. Petitioner was not a party to that agreement. Although petitioner's separate agreement with FM Ventures provided that petitioner would make the payments and the various entities may have desired to structure the transactions so that petitioner could receive the empire zone tax credit, unfortunately petitioner's PILOT payments do not qualify for such

credit under the statutory language. It was petitioner's burden to show that it was clearly entitled to the credit and, in fact, the statute manifestly provides otherwise. We cannot, under long settled principles of statutory interpretation, essentially rewrite an unambiguous provision of a statute by ignoring explicit language, no matter how equitable such a result may appear (*see e.g. Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006] ["(C)ourts should construe unambiguous language to give effect to its plain meaning"]; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998], quoting *Tompkins v Hunter*, 149 NY 117, 122-123 [1896] [" 'In construing statutes, it is a well-settled rule that resort must be had to the natural signification of words employed, and if they have a definite meaning, which involves no absurdity or contradiction, there is no room for construction and courts have no right to add to or take away from that meaning' "]).

McCarthy, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.